# Dudley *v.* Birmingham Railway, Light & Power Co.
### and
# *Ex parte* Birmingham Railway, Light & Power Co.

### *Petition for Mandamus.*

1. *Change of venue; not involved in removal of cause from one
   court of county to another court of same county.*—The re-
   moval of cases by act of the Legislature from a court which
   sits at a designated place in a county, and has territorial jur-
   isdiction circumscribed to an area about the place of sitting,
   to other competent courts of the same county which sit at
   the county seat and have territorial jurisdiction throughout
   the county, involves no change of venue in such cases, with-
   in the meaning of sections 75 and 105 of the Constitution of
   1901, or of the general law on that subject.
2. *Change of venue; constitutionality of act authorizing the trans-
   fer of civil cases from city court of Bessemer to other courts
   of Jefferson county.*—The provisions of the act approved
   September 26, 1903, authorizing the transfer of any civil
   causes pending in the city court of Bessemer to other courts
   in the county of Jefferson, (Local Acts, 1903, p. 369), are
   within and cognate to the title and proper and adequate to
   the carrying out of the purposes expressed therein; and such
   act is not unconstitutional and void.

APPEAL from the City Court of Birmingham.

Heard before the Hon. CHARLES W. FERGUSON.

These two cases involved the construction of the same
statutes and the decision of the same question, and
were, therefore, submitted together.

The proceedings in the case of E. A. Dudley v. The
Birmingham Railway, Light & Power Company were
instituted by a petition filed by the Birmingham Rail-
way, Light & Power Company, addressed to the judges
of the city court of Birmingham, in which it was

averred that at the time of the passage of the act of the legislature of Alabama, approved September 26, 1903, there was pending in the city court of Bessemer, Jefferson county, Alabama, a civil cause wherein the petitioner was defendant and one Mrs. M. F. Smithson was plaintiff; that said action was brought to recover damages for the burning of a house of the plaintiff, alleged to have been caused by the negligence of the defendant; that on October 2, 1903, the petitioner filed in the city court of Bessemer a petition, addressed to the judge thereof, asking that said cause be removed to the city court of Birmingham for trial, as provided by said act of the legislature, authorizing the transfer of cases from the city court of Bessemer to other courts of like jurisdiction in the county of Jefferson; that the judge of the said city court of Bessemer denied said petition and refused to allow said cause to be transferred. It was then allegd in the petition filed in said cause, that upon the filing of the petition in the city court of Bessemer it became the duty of the clerk of the city court of Bessemer to forthwith deliver to the clerk of the city court of Birmingham, the original papers in said cause and also a certified copy of the docket and minute entries of the city court of Bessemer pertaining to said cause; that E. A. Dudley who was the clerk of the city court of Bessemer did not make the delivery of said papers, etc., to the clerk of the city court of Birmingham, and, thereupon, the petitioner called upon and requested said E. A. Dudley as clerk of said city court of Bessemer to forthwith deliver to the clerk of the city court of Birmingham the original papers in said cause, and a certified copy of all the docket and minute entries of the city court of Bessemer, pertaining to said cause; that said Dudley, as clerk aforesaid, declined and refused to comply with the demands of the petitioner.

The prayer of the petition was that a writ of *mandamus* or other remedial writ be issued to said E. A. Dudley, as clerk of the city court of Birmingham, requiring him to deliver said original papers and the certified copies in said cause.

The respondent, E. A. Dudley, demurred to the petition, setting up in various ways the unconstitutionality of the act of the legislature approved September 26, 1903, providing for the transfer of civil causes in the city court of Bessemer to other courts of like jurisdiction in Jefferson county. This demurrer was overruled, and upon it being admitted that the facts averred in the petition were true, judgment was rendered granting the relief prayed for, and ordering a writ of *mandamus* to be issued in accordance with the prayer of the petition.

From this judgment the present appeal is prosecuted, and the judgment of the court in overruling the demurrer and in awarding the writ of *mandamus* is assigned as error.

In the case of *Ex parte* Birmingham Railway, Light & Power Company the proceedings were had upon a petition for *mandamus* being filed originally in the Supreme Court of Alabama by the Birmingham Railway, Light & Power Company addressed to the Chief Justice and Associate Justices of the said court. In this petition it was averred that there was, at the time of the approval of the act, on September 26, 1903, providing for the transfer to the city court of Birmingham and other courts of Jefferson county, civil cases pending in the city court of Bessemer, a civil action wherein the petitioner was defendant and one Veto Lasalo was plaintiff; that after the passage of said act, to-wit, on the 2d day of October, 1903, the petitioner filed his petition in writing, addressed to the judge of the city court of Bessemer, asking that said cause be transferred to the circuit court of Jefferson county; that the judge of the city court of Bessemer declined to order the removal of the cause as provided for by said act. The petitioner prayed that the original writ of *mandamus* or other appropriate remedial writ be issued, directed to the judge of the city court of Bessemer, demanding and requiring him to vacate and annul his order declining to remove said cause to the circuit court, and directing the clerk of the city court of Bessemer to send the

papers and the certified copy of the docket and minute entries to the circuit court of Jefferson. The judge of the city court waived the rule *nisi* and filed his answer, setting up that said act of the legislature providing for the transfer of civil causes from the city court of Bessemer to other courts of Jefferson county was unconstitutional and void, and that, therefore, his judgment decling to order the removal of the cause from the city court of Bessemer to the circuit court of Jefferson was correct.

J. A. ESTES and W. K. SMITH, for appellant Dudley and respondent Jones.—It does not come within the scope of the jurisdiction of the city court of Birmingham to control the actions of the clerk and register of the city court of Bessemer, for the reason that they are courts of co-ordinate jurisdiction.—*Ware, Register, v. McDonald,* 62 Ala. 82-3. The act of the legislature under which the petitioner seeks to remove said cause from the city court of Bessemer to the city court of Birmingham should not be permitted to stand, and have effect, for it tends to invade the constitutional jurisdiction of the city court of Bessemer, and is therefore void.—*De-Hart v. Hatch,* 3 Hun. (N. Y.), 375; *Alexander v. Bennett,* 60 N. Y. 204.

The power which authorizes the granting of a change of venue being vested in the courts, the legislature is without authority to require courts to change the venue. The courts will not exercise the power unless there is a just cause therefor. A change of venue is a wrong to the public, unless the interest of justice to the defendant require a change, and prejudice on the part of the judge or jury towards the defendant seeking the removal must clearly appear before a change of venue will be allowed.—*State v. Stark,* 88 Am. St. Rep. 251. The statute laws of Alabama with reference to a change of venue, are based on the idea that a change of venue can not be had except upon cause therefor being shown. Code, § 4210; 28 Amer. & Eng. Encyc. of Law,

[Dudley v. Birmingham Railway, Light & Power Co., and *Ex parte*
Birmingham Railway, Light & Power Co.]

(1st ed.), 200; *Ex parte Rice,* 102 Ala. 675; *Murray v.
Broughton,* 46 Texas 352; Constitution 1901, §§ 75,
104, 105.

The act in question was a special, private or local
act, and was unconstitutional and void.—*Little v. State
ex rel,* 137 Ala. 659.

CABANISS & WEAKLEY, WALKER, TILLMAN, CAMP-
BELL & MORROW and A. G. & E. D. SMITH, *contra.*—The
transfer of a civil case from one court of a county to
another court of the same county is not a change of
venue as contemplated by the constitution and the
statute. The act of the legislature authorizing the
transfer of any civil case pending in the city court of
Bessemer to other courts of Jefferson county was not
unconstitutional, on the ground that it was a change of
venue, and, therefore, violative of sections 75, 104, and
105 of the constitution of 1901.

The change of venue, as used in the constitution and
in the statute, carries with it the idea that there is a
change of county.—*Huth v. Huth,* 62 Ind. 240. In the
discussion of what is meant by local, special or private
laws, as used in sections 104, 105 and 109 of the con-
stitution of 1901, see *Sisk v. Cargile,* 138 Ala. 164;
*Mangan v. State,* 76 Ala. 60; *Phoenix A. Co. v. Fire
Dept. Montgomery,* 117 Ala. 651.

McCLELLAN, C. J.—The chief question involved in
these cases is the constitutionality of an act of Sep-
tember 26, 1903, entitled thus: "An act authorizing
the transfer of any civil cause pending in the city court
of Bessemer, in the county court of Jefferson, in the
State of Alabama, to the circuit court of Jefferson
county, in said State, or to the city court of Birming-
ham, in said State, or to any other court of competent
jurisdiction, sitting in the city of Birmingham."—Lo-
cal Acts, 1903, p. 369. All the provisions of this act are
within or cognate to this title, and proper and adequate
to the carrying out of the purpose therein expressed.
The main grounds of the attack made upon the organic

integrity of the enactment are: *First,* that its purpose and operation are to provide for a change of venue in the cases to which it applies in a manner violative of section 75 of the Constitution, which is as follows: "The power to change the venue in civil and criminal causes is vested in the courts to be exercised in such manner as shall be provided by law"; *second,* that the act, being a local or special law, provides for a change of venue in the cases within its terms in violation of that part of section 104 of the Constitution, which is in the following language: "The legislature shall not pass a special, private or local law in any of the following cases: * * * * * (12)—Providing for a change of venue in any case"; and, *third,* that the enactment is in violation of that part of section 105 of the Constitution which is in these words: "No special, private or local law, * * * * * shall be enacted in any case which is provided for by a general law, or when the relief sought can be given by any court of this State; * * * nor shall the legislature indirectly enact any such special, private or local law by the partial repeal of a general law"; the theory underlying this ground of objection to the constitutionality of this act being that a change of venue is provided for by the statute and that a change of venue in the cases dealt with is provided for by general law. The obviously pertinent and material inquiry going alike to each of the grounds of attack just stated is whether the removal of cases from the Bessemer city court, which sits at Bessemer, Jefferson county, and has territorial jurisdiction thereabouts in said county, to other competent courts of that county which sit in Birmingham, the county seat, and have territorial jurisdiction throughout the county, involves a change of venue in such cases within the meaning of sections 75 and 104 of the constitution, and of the general law on that subject. The phrase "change of venue" has been used throughout the legislative history of the State to denote the removal of causes from one county to another county, and never removals from one court to another

in the same county. Statutes have been enacted from
time to time either providing for the removal, or by the
force of their own terms removing cases from one cir-
cuit court to another in a given county, or from circuit
and chancery courts into a city or district court in the
same county, and *vice versa*. In some instances the
courts from one to the other of which removals have
been thus effected have had different and distinct terri-
torial jurisdiction within the county, and in some, as in
the cases under consideration, one of such courts has
had jurisdiction throughout the county while the local
jurisdiction of the other has been confined to a certain
definite part of the county. It has never been supposed
that the provisions in these several acts for such remov-
als of causes involved any *change of venue* in them;
and it has never before been suggested that the statutes
were violative of the organic provision now embodied in
section 75 of the constitution, or that they dealt with
a subject provided for by general laws in relation to
changing the venue of actions. It has always hereto-
fore been taken for granted that the transfer of a case
from one court to another of the same county was a
thing different and distinct and apart from the removal
of a case from one county to another in the avoidance of
conditions of prejudice existing in the first county which
stood in the way of a fair and impartial trial in that
county. That distinction is aptly preserved and most
appositely illustrated in section 16 of the act which es-
tablished this very city court of Bessemer. That section
is such a clear legislative interpretation of what is
meant by the term "change of venue" in the constitu-
tion and general statutes as distinguished from the re-
moval of a case from one court to another in the same
county that we cannot do better than set it out here:
"Be it further enacted, that the venue of any cause in
said city court may be changed to other counties than
Jefferson under the same rules and regulations as gov-
ern changes of venue in the circuit court. Cases that
are now or may hereafter be pending in the cir-
cuit court of Jefferson county, city court of Bir-

mingham, and criminal court of Jefferson county, may be, by consent of the parties thereto, transferred to the said city court of Bessemer, which court shall thereupon proceed to dispose of the same as if they had originally been instituted in said city court of Bessemer; and in like manner, cases may be transferred from the chancery court of Jefferson county to said city court of Bessemer; and in like manner cases may be transferred from said city court of Bessemer to the circuit court of Jefferson county, city court of Birmingham, criminal and chancery courts of Jefferson county, by consent of the parties thereto; and the clerk of the court from which said causes shall be so transferred shall deliver all the papers, pleadings and evidence pertaining to said causes, together with a certified transcript of all minute entries made therein, to the clerk of the court to which said cause shall be transferred." Nothing further, we think, need be said in support of the proposition that legislative history demonstrates that transfers of causes such as are provided for in the act under consideration involve no change of venue within the meaning of sections 75 and 104 of the constitution and sections 4210 and 5309 of the Code.

The same conclusion is reached upon a consideration of the grounds upon which venue may be changed and the reasons underlying provisions for the transfer of cases from one to another court of the county. Whether the venue of a case should be changed is a judicial question turning upon evidence adduced before the court as to the existence *vel non* of prejudice, in the county where the cause is pending, which would prevent a fair and impartial trial, and as a judicial question it is committed by the organic law to the courts. The purpose is, of course, to remove the trial to a county where such prejudice does not exist. To change the court of trial in the same county would not accomplish this purpose. On the other hand, the transfer of a case from one court to another of the county is not in its nature a judicial

[Dudley v. Birmingham Railway, Light & Power Co., and *Ex parte* Birmingham Railway, Light & Power Co.]

question, but one merely of convenience of judicial administration. It does not turn upon the facts in respect of each case, as does the inquiry of prejudice, but may well be determined upon considerations which apply to all cases or all cases of a general class pending in the courts, and which require no taking of testimony or judicial investigation to their development and presentation to the body having to pass upon them. It is a question proper for legislative consideration and determination, and we feel assurance of conservative and correct decision in leaving it to the legislature, where it has been dealt with throughout the history of the State. The general plenary power of the legislature has not been hampered or limited in this connection by the constitution, nor has that body ever undertaken by general laws to provide for such removal of cases as this act provides for.

As we have said, all the provisions of the act of September 26, 1903, are within the subject expressed in its title. Section 5 of the act is not open to the objection that its provision for action on the part of the court to which the cause has been removed compelling the clerk of the Bessemer city court to deliver the papers, etc., of the case to the clerk of the court into which the removal is had is not complimentary and germane and necessary to the carrying out of the purpose of the act as expressed in its title.—*Ex parte Mayor and Aldermen of Birmingham,* 116 Ala. 186; *State ex rel v. Griffin, et al.,* 132 Ala. 47; *Mitchell, Judge, etc. v. State ex rel Florence Dispensary,* 134 Ala. 392.

Nor is the provision of section 5 to which we have just referred beyond legislative competency in respect of vesting authority in one court to control or compel action by the clerk of another court. By the terms of the act the filing of the petition for removal divests the Bessemer court of all authority and jurisdiction in and over the particular case, and thereafter the clerk of that court is the mere official custodian of certain papers, etc., and under a ministerial duty to deliver them to the clerk of another court. True the act also provides that

[Bessemer Liquor Co. v. Tillman.]

the Bessemer court shall make an order for the removal; but such order is matter of course, and is required to be made more in conservation of orderliness and formality of the proceeding, and to have a record of the removal in the Bessemer court than as affecting the status of the case in the court to which the removal has already in reality been effected by the filing in Bessemer court of the statutory petition.

It follows that the judgment in the case of *Dudley v. Birmingham Railway, Light & Power Company* must be affirmed.

In *Ex parte Birmingham Railway, Light & Power Company, mandamus* will be awarded as prayed, but the writ will not issue unless the respondent, upon being advised of our views in the premises, fails to enter the order of removal.