# Murphy *v.* The State.

## *Murder.*

(Decided May 9, 1912. 58 South. 671.)

1. *Courts; Jurisdiction; Inferior Court.*—Section 143, Constitution 1901, does not confer upon the circuit court exclusive jurisdiction to try criminal cases; the legislature may, under section 139, Constitution 1901, establish courts of concurrent jurisdiction with the circuit courts, to try criminal cases in designated territorial limits.

2. *Same.*—The act creating the Monroe Law and Equity Court (Local Acts 1911, p. 102) giving said court concurrent jurisdiction with the circuit court to try criminal cases and providing for a transfer of cases from the circuit court to the county court, and the re-transfer of cases not disposed of to the circuit court, is a valid exercise of the power to regulate courts to secure a speedy trial, and does not authorize a change of venue in such sense, as not to be able to be effected without the consent of the accused.

APPEAL from Monroe Law and Equity Court.

Heard before Hon. W. G. McCORVEY.

Alex Murphy was convicted of manslaughter in the first degree and he appeals. Affirmed.

McCLELLAND & RATCLIFFE, for appellant. The act creating the county court was violative of the Constitution, section 143, in that it deprived the circuit court of its jurisdiction to try criminal cases.—*Adcock v. The State,* 142 Ala. 30; *Ex parte O'Neal,* 45 South. 713; *State ex rel. v. Fuller,* 41 South. 990. The effect of its provisions is to change from court to court without the consent of the court, and without the consent of the defendant, which renders it inoperative and void.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The act in question was the valid exercise of legislative power to grant speedy trial, and was in conformity to the provisions of section 139, Constitution 1901.—*Rose*

v. *The State,* 117 Ala. 77; *Dudley v. B. R. L. & P. Co.,* 139 Ala. 453; *Andrews v. The State,* 159 Ala. 14. There is no merit in the suggestion of the change of venue without the consent of the defendant.—*Dudley v. B. R. L. & P. Co. supra.*

PELHAM, J.—The appellant was indicted at the fall term, 1910, of the circuit court of Monroe county, and under the provisions of section 10 of the act creating the Monroe county law and equity court (Loc. Acts 1911, p. 102) the case was transferred to the law and equity court, where, upon a trial being had on an indictment charging murder in the second degree, a conviction was had of manslaughter in the first degree, and it is from this judgment of conviction the appeal in this case is prosecuted on the record without a bill of exceptions.

It is the appellant's contention that the provisions of section 10 of the act creating the law and equity court, providing for the transfer of cases remaining undisposed of at the expiration of the regular terms of the circuit court to the law and equity court, and the retransfer of cases when not disposed of at the succeeding jury term by the law and equity court to the circuit court, is unconstitutional. The case of *Adcock v. State,* 142 Ala. 30, 37 South. 919, is alone cited and relied upon by appellant to sustain this contention. In Adcock's Case the court held that the circuit court could not be deprived of its jurisdiction to try cases founded on indictments returned into that court by a grand jury, and that the circuit court had jurisdiction to try a defendant under such an indictment so returned, notwithstanding the passage of a special act by the Legislature providing that upon the return of an indictment into the circuit court by a grand jury of that court it

should be transferred to the county court for trial. In the Adcock Case the attack was upon the jurisdiction of the circuit court to try a cause founded on an indictment duly and regularly returned into that court by grand jury, after jurisdiction to try the same had been conferred on the county court by a special act of the Legislature requiring the case to be transferred and providing for trial to be had in the county court, and the Supreme Court held in that case that, in so far as the special act undertook to deprive the circuit court of its original jurisdiction to try the case, it contravened section 143 of the Constitution.

But no such question as was determined in Adcock's Case is presented in the instant case. The question raised by this record, and the contention, seems to be that the circuit court has exclusive jurisdiction to try the case, and that the Legislature is without authority to confer jurisdiction also—concurrent jurisdiction—upon the law and equity court to entertain the case. Section 143 of the Contsitution does not confer exclusive jurisdiction on the circuit court to try such cases, and the Legislature can, and in many instances that have been upheld by the Supreme Court, has established courts of concurrent jurisdiction with the circuit courts in certain designated territorial limits to try criminal cases.—Const. 1901, § 139; *Lee v. State*, 143 Ala. 93, 39 South. 366.

The provision for a transfer of cases from one court to another having concurrent jurisdiction is manifestly to expedite justice and secure a speedy trial. It is not, as suggested by appellant, a change of venue, which cannot be effected without the consent of the defendant. —*Dudley v. Birmingham R., L. & P. Co.*, 139 Ala. 453, 36 South. 700. The provision for a transfer of cases from the court in which they originated to another

[Baker v. The State.]

court of concurrent jurisdiction has been universally recognized as a valid exercise of legislative power under well-recognized principles, and it is settled in this state that jurisdiction to try such cases can be conferred on the court to which they are transferred.—*Rose v. State,* 117 Alt. 77, 23 South. 638; *Dudley v. Birmingham R., L. & P. Co.,* 139 Ala. 453, 36 South. 700; *Andrews v. State,* 159 Ala. 14, 22, 48 South. 858; *Williams v. State,* 171 Ala. 56, 54 South. 535.

The points made against the constitutionality of the statute are not well taken, and the case will be affirmed.

Affirmed.