(122 So. 606)
## MORRIS v. McELROY, Circuit Judge.
## (6 Div. 481.)

Court of Appeals of Alabama.   March 8, 1929.

Rehearing Denied March 26, 1929.

Cora R. Thompson and Theodore J. Lamar, both of Birmingham, for appellant.

Horace C. Wilkinson, of Birmingham, for appellee.

BRICKEN, P. J. The petitioner files an original petition in this court for a writ of mandamus to Judge McElroy, judge No. 11 of the Jefferson circuit court, to require him to vacate certain orders made in a number of cases in his division of the circuit court of Jefferson county, Alabama.

The pleadings disclose that the petitioner is surety on a number of appeal bonds for various named defendants, who appealed to the circuit court of Jefferson county from judgments of conviction in the recorder's court of the city of Birmingham. When these cases were called for trial before Judge McElroy, the defendants failed to appear, and as a result "forfeitures were entered by the trial judge and notice was issued and served on your petitioner to appear at the next term of said court, as provided by law, to show cause why said forfeitures should not be made final," etc.

These proceedings were regularly set for hearing before Judge McElroy the first week of the new term, and thereafter, on the morning of the last day of the old term, petitioner made application to Hon. Roger W. Snyder, one of the judges in the civil division of the Jefferson circuit court, to set said forfeiture proceedings for trial by jury on a day to be fixed by him. In compliance with that application, Judge Snyder entered an order continuing the several forfeiture proceedings to a certain day several months later in the new term, and ordered them set for trial on that later day. In the afternoon of the same day, Judge McElroy entered an order on the docket in each of said cases, setting aside the orders made by Judge Snyder and resetting the cases before him without a jury the first week of the new term.

Petitioner claims that Judge McElroy was without authority to change, alter, or set aside the orders of Judge Snyder, and a writ of mandamus is prayed for, directed to Judge McElroy, requiring him to vacate the order made by him in the several cases, resetting them for trial before him, the effect of which, if granted, would be to allow the orders of continuance made by Judge Snyder in said cases to stand in full force and effect. The respondent challenges the sufficiency of the petition and the validity of the orders of Judge Snyder by demurrer, and also files an answer, which is in turn challenged by petitioner.

Judgeship No. 11 of the Tenth Judicial circuit (Jefferson county) was created by an act of the Legislature approved September 2, 1927. Acts 1927, pp. 671, 672. Section 2 of this act provides:

"The incumbent of said judgeship No. 11 shall have and exercise all the jurisdiction, power, rights, and authority, and shall possess all the qualifications, perform all the duties and be subject to all the pains, obligations and penalties that any other judge of said circuit may exercise, possess, perform or be subject to: *Provided it shall be the duty of the incumbent of said judgeship to try all cases appealed from the recorder's courts of the city of Birmingham to the circuit court of said judicial circuit in preference to any other cases.*"

This provision of the statute evidences a legislative intent to provide a tribunal and an officer who is specially charged with the duty of expeditiously disposing of cases appealed from the recorder's court of the city of Birmingham, and it discloses a purpose to require those cases to be handled by judge No. 11, in preference to any other judge. The effect of the statute is to make that class of cases triable by judge No. 11, in preference to all other cases as a matter of course.

It is well settled that, where a controversy reaches different courts having concurrent jurisdiction, the court which first acquires jurisdiction, its power being adequate to the administration of complete justice, retains its jurisdiction and may dispose of the whole controversy, and no court of co-

ordinate power is at liberty to interfere with its action. Eastburn et al. v. Canizas, 193 Ala. 574, 69 So. 459; Swope v. Swope, 173 Ala. 157, 55 So. 418, Ann. Cas. 1914A, 937; Southern Hdw. Co. v. Lester, 166 Ala. 86, 52 So. 328; Gray v. South & N. A. Ry. Co., 151 Ala. 215, 43 So. 859, 11 L. R. A. (N. S.) 581; Finch v. Smith, 146 Ala. 644, 41 So. 819, 9 Ann. Cas. 1026; 15 C. J. 1134, § 583, and authorities noted. This rule rests upon comity, and the necessity of avoiding conflicts in the execution of judgments by independent courts, and is a necessary one, because any other rule would unavoidably lead to collision and be productive of most calamitous results. Authorities supra.

■ The jurisdiction of the tribunal, where jurisdiction first attaches, continues until the judgment rendered in the first action is satisfied, and extends to proceedings which are ancillary or incidental to the action first brought. 15 Corp. Jur. p. 1161, § 637, and authorities cited.

■■ The power of the Legislature to establish courts of concurrent jurisdiction, and to prescribe and regulate the duties of the judges of the several circuit courts of the state having more than one judge, cannot be successfully attacked. Murphy v. State, 4 Ala. App. 14, 58 So. 671. When a case of the class mentioned in section 2 of the act creating judgeship No. 11 of the circuit court reaches the circuit court of Jefferson county, it is triable before judge No. 11 as a matter of course, and in the absence of a showing of his inability, disqualification, or refusal to perform his statutory duty, we conclude that no other judge of that court has authority to interfere with said cases. And under the terms of the statutes it is the prerogative of the presiding judge to assign all such cases to the docket of judge No. 11 of said court, this being the manifest meaning and purpose of the act in question.

■ When the forfeitures were taken by judge No. 11 of the circuit court, and citations issued to the petitioner to appear at the next term of the court and show cause why said forfeiture should not be made final, as the petition admits in this case was done, we are of the opinion that it was the duty of the petitioner to make his application to judge No. 11, or to excuse his failure to do so by proper averment, and that Judge Snyder was without jurisdiction or authority to enter the order in the cases in which Judge McElroy had already assumed jurisdiction. Cole v. Norton et al. (Mo. App.) 251 S. W. 723; Case v. Smith, 215 Mo. App. 621, 257 S. W. 148; Hirsch v. Hirsch (Mo. App.) 273 S. W. 151.

We are asked by petitioner to hold that House Bill 595, entitled "An act to amend section 6693 of the Code of Alabama of 1923," approved September 2, 1927 (Acts 1927, p.

637), controls, and justified the action of Judge Snyder. Section 6693 of Code 1923 reads as follows:

"*Classification and Arrangement of Cases.* —The presiding judge shall classify the cases and assign those of one class to one docket and those of another class to another docket, and shall assign all appeal and certiorari cases in which no jury is demanded, to the docket of cases to be tried without a jury, and shall take care to so arrange the dockets as that every judge may have a docket on which there are enough cases to occupy his full time for the week, and that no more cases are set for any judge to try than he can probably try, or dispose of."

An attempt was made at the 1927 Legislature to amend this section by adding, immediately after the words "disposed of," the following words:

"Provided however, that in circuits now having or which may hereafter have as many as ten judges that the judge of the tenth division shall have the power and authority to set the docket of cases to be tried by such judge of such tenth division, and it shall be the duty of such judge in setting such docket to give preference to cases appealed from recorders' courts or other municipal courts exercising the jurisdiction of recorders' courts by whatsoever name called or designated, and to try such appealed cases prior to and in preference to the trial of all such cases; it being the purpose of this act to expedite the trial of such appealed cases, the public safety and welfare requiring it." Acts 1927, p. 637.

This attempted amendment was under House Bill No. 595. It is here insisted that the attempted amendment is unconstitutional and void for several reasons, and we are asked to so hold. From our viewpoint, this insistence, however meritorious, is not necessary to a decision in this case; for it clearly appears that the question involved is moot, and that the act has no field of operation. The courts are not called upon to do a useless thing.

■ Section 6686 of Code 1923 provides that the judges in the Tenth judicial circuit shall be numbered 1, 2, 3, 4, and so on consecutively. Section 6687 divides the Tenth judicial circuit into three divisions, equity, criminal, and law; and it is further provided that the judge numbered 1 shall sit in the equity division as of course, the judges numbered 2 and 3 in the criminal division as of course, and the remainder of the judges in the law division as of course. *There is no "tenth division" of any circuit court in this state.* The words "tenth division," used in the attempted amendment, could only refer to a tenth division existing in the state at the time of the passage of the act, and, *there being no such division,* the words are meaningless and in-

capable of any legal operation or effect. The courts are not at liberty to revise or correct the language used. Savage v. Wallace, 165 Ala. 572, 51 So. 605; State ex rel. City of Mobile v. Board, etc., 180 Ala. 514, 61 So. 814; Pendley v. Commissioners' Court, 185 Ala. 523, 64 So. 592; Ex parte Jones, 49 Ark. 110, 4 S. W. 639.

Under the provisions of section 6693 of Code 1923, the presiding judge only shall classify and assign cases to the several dockets, and the attempted amendment confers no additional authority upon Judge Snyder, and makes no changes in the law respecting the setting of dockets in circuits which have as many as 10 judges, for the reasons stated.

The demurrer is sustained, the petition dismissed, and the writ denied.