### VINYARD v. HAYES.

7 Div. 670.

Court of Appeals of Alabama.

Oct. 27, 1942.

596

Motley & Motley, of Gadsden, for appellant.

McCord, Miller & McCord, of Gadsden, for appellee.

BRICKEN, Presiding Judge.

The appeal in this case is from a judgment awarding Mrs. N. Hayes, $75 damages in her suit against Grady Vinyard for malicious prosecution and from the judgment of the lower court overruling and denying the defendant's motion for a new trial.

Mrs. Hayes' complaint claimed the sum of $1,000 as damages against Grady Vinyard, defendant, for, as alleged in the complaint, maliciously and without probable cause therefor causing her, the said Mrs. N. Hayes, to be arrested under a warrant issued by E. L. Hurst, Judge of the County Court of Etowah County, Alabama, on or about the 7th day of November, 1940, on a charge of decoying away a minor, and it is alleged in the complaint that said charge before the commencement of the suit, "has been judicially investigated and said prosecution ended and the plaintiff discharged."

The suit as originally filed was against Grady Vinyard and Belle Vinyard, defendants, but before the case was tried the plaintiff dismissed her suit against Belle Vinyard and proceeded against Grady Vinyard alone.

It is shown by the bill of exceptions set out in the record in this case that on September 7, 1940, Grady Vinyard appeared before the Judge of the County Court of Etowah County, Alabama, and made an affidavit, in writing, before said Judge, in which said affidavit he charged that Mrs. N. Hayes did take or decoy away Frances Vinyard, a child, with intent to detain, or conceal, said Frances Vinyard from her parents. Thereupon on that same day the said Judge of the County Court of said County, the Hon. E. L. Hurst, issued a warrant of arrest commanding the arrest of said Mrs. N. Hayes and that she be brought before him on Monday the 7th day of October, 1940, to answer the State of Alabama of the charge of decoying away a child. Bail was fixed by said Judge in the sum of $750 and on said 7th of September, 1940, said Mrs. N. Hayes was arrested by the Sheriff of said Etowah County and admitted to bail.

The Code of Alabama of 1940, went into effect on May 31, 1941, and prior to that date, and on the 7th day of November, 1940, the Code of Alabama, 1923, was in effect.

█ Under said Code the offense of decoying away a child was a misdemeanor. Code 1923, Section 3188, Code 1940, Tit. 14, § 5.

The County Court of Etowah County, was vested with full and complete jurisdiction to hear and determine the offense charged in the above described affidavit and in said warrant of arrest. The jurisdiction of the said County Court was concurrent with the jurisdiction of the circuit court of said county over said misdemeanor. Code of Alabama 1923, Section 3809, Code 1940, Tit. 13, § 321.

It is shown by the bill of exceptions that the clerk of the circuit court, who was also ex-officio clerk of the county court of said county, testified that the above criminal prosecution against Mrs. Hayes was docketed on the grand jury docket for Etowah County after and while said prosecution was pending in the county court, and further that the grand jury of said county investigated said charge and reported "no bill" after such investigation.

█ It is conclusively shown by this record that plaintiff has assumed and now maintains that the investigation made by the grand jury, aforesaid, was the judicial determination and end of the prosecution against Mrs. Hayes in the county court.

We do not agree with this insistence. In the case of Glazner v. Jenkins, Judge, 237 Ala. 262, 186 So. 475, 476, it was said: "It is unquestionably the law that the first court which acquires jurisdiction of the same cause of action between the same parties should proceed with it to a final disposition and cannot be deprived of this authority or duty to do so by a subsequent suit in another court of concurrent jurisdiction and the second court will, under proper conditions, be prohibited from proceeding with the cause. Ex parte Ella Burch [236 Ala. 662], 184 So. 694, and cases cited."

In our case of Morris v. McElroy, 23 Ala.App. 96, 122 So. 606, 607, this court said:

"It is well settled that, where a controversy reaches different courts having concurrent jurisdiction, the court which first acquires jurisdiction, its power being adequate to the administration of complete justice, retains its jurisdiction and may dispose of the whole controversy, and no court of coordinate power is at liberty to interfere with its action. Eastburn et al. v. Canizas, 193 Ala. 574, 69 So. 459; Swope v. Swope, 173 Ala. 157, 55 So. 418, Ann.Cas.1914A, 937; Southern Hdw. Co. v. Lester, 166 Ala. 86, 52 So. 328; Gray v. South & N. A. Ry. Co., 151 Ala. 215, 43 So. 859, 11 L.R.A.,N. S., 581; Finch v. Smith, 146 Ala. 644, 41 So. 819, 9 Ann.Cas. 1026; 15 C.J. 1134, § 583, and authorities noted. This rule rests upon comity, and the necessity of avoiding conflicts in the execution of judgments by independent courts, and is a necessary one, because any other rule would unavoidably lead to collision and be productive of most calamitous results. Authorities supra.

"The jurisdiction of the tribunal, where jurisdiction first attaches, continues until the judgment rendered in the first action is satisfied, and extends to proceedings which are ancillary or incidental to the action first brought. 15 Corp.Jur. p. 1161, § 637, and authorities cited."

█ It was necessary and essential to the right of the plaintiff to recover in the court below that she show by competent proof that the prosecution brought against her by the defendant in the county court of Etowah County had been judicially determined and disposed of by said court before the bringing of her suit. This she failed to do.

It appears that appellant's assignments of error as appears of record are well taken and are sustained.

There was manifest error in the action of the trial court in refusing to give the affirmative charge requested by defendant, and also, in overruling and denying the motion for a new trial.

The judgment of the lower court from which this appeal was taken, because of the errors noted, is reversed and the cause remanded.

Reversed and remanded.