284 So.2d 745

**Ex parte Clyde BOSWELL.**

**In re Clyde BOSWELL**

**v.**

**Honorable Richard P. EMMET, as Judge of the Fifteenth Judicial Circuit of Alabama.**

**3 Div. 229.**

Court of Criminal Appeals of Alabama.

Nov. 1, 1973.

V. H. Robison, Montgomery, for petitioner.

**292**

Judge Emmett, pro se.

ALMON, Judge.

This is a mandamus proceeding.

Clyde Boswell on August 30, 1973, filed in this Court his petition for writ of mandamus to be issued to the Honorable Richard P. Emmet, as Judge of the Fifteenth Judicial Circuit of Alabama.

On September 4, 1973, after a hearing, this Court made and entered an order issuing a rule nisi as follows:

"You are hereby notified that the Court of Criminal Appeals of Alabama did on the 4th day of September, 1973, make and enter the following order in the above styled cause:

"'Comes the petitioner and files in this court a petition for Writ of Mandamus to be directed to Honorable Richard P. Emmet, as Judge of the Circuit Court of Montgomery County, Alabama, commanding and requiring him to show cause why he should not set aside, vacate and hold for naught the orders entered by him on the 15th day of August, 1973, in those certain causes numbered 8383, 8709 and 8382, in which the State of Alabama was Plaintiff and Clyde Boswell was Defendant.

"'And said petition having been submitted and duly examined and understood by the court, it is considered and ordered that the petitioner is entitled to the relief prayed for, and the same is hereby granted.'"

"NOW, THEN, in pursuance of the foregoing the Rule Nisi hereby issues to Honorable Richard P. Emmet, as Judge aforesaid commanding and requiring him to enter all necessary orders and decrees to carry into effect the foregoing order, or to appear before the Court of Criminal Appeals of Alabama, on the 14th day of September, 1973, and show cause why the Peremptory Writ of Mandamus should not issue as prayed."

After briefs were filed this cause was submitted on October 1, 1973.

The petition avers that Boswell on June 13, 1973, was convicted by the circuit Court of Montgomery County of assault and battery in case No. 8383. The jury assessed a fine of $450.00. Judge Emmet sentenced Boswell to serve, in addition to paying the fine, six months in the county jail. Notice of appeal was filed the same day.

Two other criminal cases were then pending against Boswell; case No. 8709

charging him with assault with intent to murder and case No. 8382 charging him with murder in the first degree. It is the court's handling of these two later pending cases which form the basis of this controversy.

On August 14, 1973, the Honorable Frank Embry, Supernumerary Circuit Judge assigned to the Fifteenth Judicial Circuit, received guilty pleas from Boswell in cases Nos. 8709 and 8382, adjudged Boswell guilty, and entered the appropriate orders. In accordance with an agreement entered into by District Attorney David Crosland, Assistant District Attorney William P. Haney, Jr., and defense counsel V. H. Robison, Judge Embry entered an order allowing Boswell to dismiss the appeal in case No. 8383. Also in accordance with the aforementioned agreement Boswell pled guilty in case No. 8709 to the lesser included offense of assault and battery and was sentenced by Judge Embry to perform hard labor for the county for six months and assessed a fine of $450.00. In case No. 8382 Boswell pled guilty to the lesser included offense of manslaughter in the second degree. He was sentenced to pay a fine of $450.00 and to serve twelve months in the county jail. This sentence was ordered to run concurrently with the sentences in cases Nos. 8383 and 8709.

On August 15, 1973, Judge Emmet, after a hearing, ex mero moto made and entered orders, over defense counsel's objection, setting aside and vacating all of the orders previously made by Judge Embry on August 14, 1973. It is these orders entered by Judge Emmet on August 15 which we are asked to vacate; thus, leaving in effect the previous orders of Judge Embry.

The respondent judge elected not to perform those acts contained in the rule nisi and his reasons for not doing so are incorporated in two pleadings which are entitled "Reply of Respondent" and "Reply of Respondent to Replication."

In these pleadings the respondent judge takes the position that he is the presiding judge of the criminal division and as such has total and complete control of all criminal matters and has the right to approve all settlements in criminal cases. Further, by way of answer, the respondent judge alleges that he had a conversation with Assistant District Attorney Haney and defense counsel Robison and that he had agreed on a settlement of these cases which, among other things, would permit Boswell to receive a total sentence of two years rather than the total one year sentence he received from Judge Embry.

According to the other pleadings and the affidavits attached thereto Assistant District Attorney Haney was under the impression that the respondent judge had approved the one year sentence. Defense counsel Robison was also under this impression. None of the parties involved charge any misconduct or wrongdoing on the part of any of the other parties. It would thus seem that it was a misunderstanding between the parties.

At the hearing during which Judge Emmet vacated the orders in question, Judge Embry stated his position to the respondent as follows:

"JUDGE EMBRY: Let my position be made known. The District Attorney and counsel for the Defendant came to my Court and asked that these orders— they reached this agreement—and asked that these orders be entered for me to accept the pleas. Now, of course, I was absolutely unaware of anything that had taken place between you and the District Attorney's Office or counsel for the defense. I acted in good faith.

"The parties were represented, the State, Mr. District Attorney Crosland himself, and counsel for the defense, and I acted in good faith. I entered these orders.

"I had no notice or any knowledge of any prior arrangement with you. And, frankly, it's done now. But this Defendant could plead former jeopardy and my

advice of this law is that it would prevail. So, it's my suggestion that you let these orders stand."

Tit. 13, § 195(2), Code of Alabama 1958 prescribes the duties and power and authority for supernumerary circuit judges. It provides, among other things, that upon request of the Chief Justice a supernumerary circuit judge may be assigned to any circuit and that he "shall have and exercise all of the duties, power and authority of judges of the circuit courts."

At the time of receiving the guilty pleas in question Judge Embry was assigned to the Fifteenth Judicial Circuit by order of Chief Justice Heflin.

█ The judge having the longest term of service as judge of the Fifteenth Judicial Circuit shall be the presiding judge. Tit. 62, § 339, Code, supra. The pleadings in this cause show that Judge Eugene W. Carter is by seniority the presiding judge of the Fifteenth Judicial Circuit.

Thus, the position of presiding judge of the criminal division is unknown to the law. Judges in multi-judge circuits may work out any agreements they choose, and indeed they should, to facilitate the business of court, so long as these arrangements do not contravene the law.

The answer of respondent does not contain a denial of the material facts set forth in the petition and the pleadings supplemental thereto, nor does it contain averments of other facts sufficient in law to defeat the petitioner's application.

█ It is generally held that a judge may not review, vacate or modify a prior order rendered by a judge of the same court, where the law vests equal power and jurisdiction in the two judges. See 21 C. J.S. Courts § 501, and the cases annotated thereunder. An obvious exception to the foregoing rule applies in a situation where

Judge A assumes jurisdiction of a cause, enters orders, etc., and subsequent thereto Judge B enters orders inconsistent therewith. Under this set of facts, Judge A would be entitled to vacate the subsequent inconsistent orders. This exception necessarily follows from Morris v. McElroy, 23 Ala.App. 96, 122 So. 606, wherein it was stated:

"It is well settled that, where a controversy reaches different courts having concurrent jurisdiction, the court which first acquires jurisdiction, its power being adequate to the administration of complete justice, retains its jurisdiction and may dispose of the whole controversy, and no court of coordinate power is at liberty to interfere with its action . . . [authorities cited]. This rule rests upon comity, and the necessity of avoiding conflicts in the execution of judgments by independent courts, and is a necessary one, because any other rule would unavoidably lead to collision and be productive of most calamitous results."

We are cognizant of the imprecise language in *Morris*, supra, insofar as the court spoke of "Courts" having concurrent jurisdiction. The controversy there, as in the case at bar, involved conflicting orders of the judges on a single court.

█ Nothing in the respondent's answer shows us that he assumed jurisdiction of case No. 8709 or case No. 8382 prior to Judge Embry's dispositions of those cases; hence, the respondent acted improperly in vacating the orders of Judge Embry.

We are therefore of the opinion that the peremptory writ of mandamus as prayed is due to be issued. It is so ordered.

Peremptory writ of mandamus granted.

All the judges concur.