Plaintiff, George S. Rush, filed a complaint in the Circuit Court of Calhoun County seeking declaratory and injunctive relief from certain actions by defendants, Lonnie G. Simpson and First National Bank of Anniston. The trial court ordered the case transferred to the Circuit Court of Macon County, where the case was subsequently dismissed. The principal issue raised by plaintiff in this appeal concerns the venue of plaintiff's action for declaratory and injunctive relief. We affirm.
According to Rush's verified complaint, defendant Simpson, in April 1977, caused to be served upon the First National Bank of Anniston a certain paper entitled "Process of Garnishment." This document indicated that Simpson had obtained a judgment in Macon County Circuit Court, Case No. C-255-74, against "Rush Engineers" for an amount totaling $6,499.66 (including costs and interest).
Rush's complaint alleged, inter alia, that the Macon County judgment was entered against "Rush Engineers, Inc.," not against *Page 1106 
George S. Rush; that the garnished funds in the First National Bank of Anniston were owned by George S. Rush personally and were not owned by Rush Engineers, Inc.; that the bank had "frozen" the funds in his personal account despite the fact that Simpson had no judgment against him personally; that the document served on the bank had been "modified" to reflect the name of the defendant in the original Macon County Circuit Court action as "Rush Engineers" rather than "Rush Engineers, Inc."; and that there had been no service on any defendant nor had the process been signed by the clerk as required by law. The complaint requested a temporary restraining order, injunctive relief and a declaratory judgment determining the relative rights of the parties. Rush also filed a motion for a temporary restraining order or preliminary injunction, alleging that immediate and irreparable harm would result if his personal funds were paid out to satisfy a judgment against an insolvent and defunct corporation.
The Circuit Court of Calhoun County issued a temporary restraining order against Simpson and the bank prohibiting any action by them which might result in the paying out of plaintiff's funds. The order also set the matter for a hearing.
Simpson filed a motion to dismiss Rush's action, alleging as grounds therefor that venue in Calhoun County was improper. Both parties filed memoranda of law with the trial court. Rush amended his original complaint to add as a party-defendant the garnishee, First National Bank of Anniston.
On June 22, 1977 the Circuit Court of Calhoun County entered an order transferring Rush's action to the Circuit Court of Macon County. That order stated in pertinent part:
 This action is before this Court on motion of Plaintiff seeking permanent injunctive and declaratory relief from a post judgment garnishment issued out of the Circuit Court of Macon County, Alabama (C-255-74) and directed to the First National Bank of Anniston.
 Upon due consideration of Defendants motion to dismiss, and memoranda of law filed by both parties, this action is deemed to be ancillary to that action determined in Macon between these parties and that venue would properly lie in the Circuit Court of Macon County, Alabama. [Emphasis supplied.]
Following transfer of Rush's action, Simpson filed an answer alleging, inter alia, that George S. Rush had waived any rights he may have had to argue the asserted misnomer in Case No. C-255-74 and was now estopped from so doing because Rush, individually or d/b/a Rush Engineers, had defended that action without pleading the misnomer, and had "freely agreed that a consent judgment be taken against Rush Engineers, Inc."
After considering the testimony given orally, the Circuit Court of Macon County entered an order on November 29, 1978 dismissing Rush's case. In response to a motion for new trial filed by defendant-garnishee, First National Bank, the trial court entered an order expanding its earlier determination by stating that the funds in question held by the garnishee bank are the exclusive property of Rush Engineers, Inc. and that George S. Rush individually has no interest therein. This additional statement regarding the ownership of the bank account coincided with a similar conclusion which the Circuit Court of Macon County had previously reached in Case No. C-255-77. The latter case, involving Simpson as plaintiff and Rush Engineering, Inc. as defendant, appears from the record to be the case in which the writ of garnishment to the bank was issued.
Rush's principal argument on appeal is that venue of his action was proper in Calhoun County and that the court erred in ordering the case transferred to Macon County. As authority for his contention that his suit against a national banking corporation having its principal place of business in Calhoun County and against a resident of Macon County was properly brought in Calhoun County, plaintiff cites Rule 82 (b)(1)(A) and Rule 82 (c) of ARCP; *Page 1107 
Code of Alabama 1975 § 6-3-7 (formerly Title 7, § 60, Code of Alabama 1940); and 12 U.S.C. § 94.
Section 6-3-7 provides in relevant part that "a domestic corporation may be sued in any county in which it does business by agent." The federal statute cited by plaintiff, National Bank Act, 12 U.S.C. § 94, provides that actions against a national bank may be brought in the county where that bank is located. Rule 82, ARCP, provides in pertinent part:
Rule 82
JURISDICTION AND VENUE
 (a) Jurisdiction unaffected. These rules shall not be construed to extend or limit the jurisdiction of the courts of Alabama.
 (b) Venue of actions. Venue of actions shall not be affected by these rules except as the statute for venue for actions against individuals at law (Tit. 7, § 54) and the statute for venue for actions against individuals in equity (Tit. 7, § 294) are inconsistent. Such inconsistencies are resolved as follows:
 (1) AGAINST RESIDENT INDIVIDUALS. Actions against an individual or individuals having a permanent residence in this state:
 (A) Must be brought in the county where the defendant or any material defendant resides at the commencement of the action, except that if the action is a personal action other than an action on a contract, it may be brought either in the county where the act or omission complained of occurred, or in the county of the permanent residence of the defendant or one of them;
. . . . .
 (c) Venue where claim or parties joined. Where several claims or parties have been joined, the suit may be brought in any county in which any one of the claims could properly have been brought.
Plaintiff further contends that the Calhoun County Circuit Court's transfer order was erroneously based on Title 7, § 294, Code of Alabama 1940 (the substance of which is currently codified as Code of Alabama 1975, § 6-3-2), which provides that a bill in equity:
 must be filed in the county in which the defendant, or a material defendant, resides; and if to enjoin proceedings on judgments in other courts, it may be filed in the county in which such proceedings are pending, or judgment rendered. [Emphasis supplied.]
Plaintiff argues that the trial court ignored not only the above underlined permissive language of Title 7, § 294, but also ignored the more liberalized venue provisional changes wrought by the Alabama Rules of Civil Procedure.
On the other hand defendant Simpson argues that the proper venue of an action attacking the validity of a garnishment is in the court issuing the writ of garnishment, and cites Title 7, § 294. He contends that post-judgment garnishment in Alabama is an ancillary proceeding to the main action and that an action seeking permanent injunctive relief from a garnishment is a "proceeding[s] on judgments in other courts" within the meaning of Title 7, § 294.
We find no abuse of discretion in the trial court's order transferring Rush's action to the Circuit Court of Macon County.
We note initially that the protection of the federal statute has not been invoked by the party that the statute was designed to benefit, i.e. the bank; but rather has been interposed by Rush. Indeed the bank has evidenced a willingness to subject itself to the authority of the Macon court and has, by filing of a motion for new trial, sought further clarification of its duties and liabilities under that court's order regarding the status and disposition of the contested bank account funds.
As Simpson correctly points out, post-judgment garnishment is an ancillary proceeding seeking satisfaction of a prior judgment, and not an original civil suit. Wilkinson v. Cohen,257 Ala. 16, 57 So.2d 108 (1951); Olson v. Field Enterprises *Page 1108 Educational Corporation, 45 Ala. App. 438, 231 So.2d 763 (1970).
The action filed by Rush in Calhoun County sought to contest the principal issues involved in the ancillary garnishment proceeding in the Macon court. The retention of Rush's case by the Calhoun court would, of necessity, have involved a determination regarding the ownership of the funds held by the bank. That the determination of this issue was already before the Macon court (in Case No. C-255-77) is established in the record of this cause. Thus, the Calhoun court's transfer order avoided the possibility of conflicting resolutions of the same issue by different courts. While the authorities cited by appellant may tend to lend some validity to his claim that venue of his action was proper in Calhoun County, the precise issue presented by this appeal, as we perceive it, is whether the court erred in transferring the case to Macon County.
It is familiar law, applicable to the case at hand, that "where two courts have equal and concurrent jurisdiction, the court that first commences the exercise of its jurisdiction in a matter has the preference and is not to be obstructed in the legitimate exercise of its powers by a court of coordinate jurisdiction." Ex parte State ex rel. Ussery, 285 Ala. 279,231 So.2d 314 (1970).
The jurisdiction of the tribunal, where jurisdiction first attaches, continues until the judgment rendered in the first action is satisfied, and extends to proceedings which are ancillary or incidental to the action first brought, Vinyard v.Hayes, 30 Ala. App. 595, 10 So.2d 299 (1942); Morris v. McElroy,23 Ala. App. 96, 122 So. 606 (1929), and to proceedings for the enforcement of the court's decrees. Ex parte Burch, 236 Ala. 662,184 So. 694 (1938); Clements v. Barber, 49 Ala. App. 266,270 So.2d 815 (1972).
The Alabama Supreme Court discussed the reasons for adherence to these principles in Jordan v. Jordan, 251 Ala. 620,38 So.2d 865 (1949). The Jordan opinion notes that they are essential to the proper and orderly administration of the law and are enforced not only on grounds of judicial comity and courtesy, but also to prevent unseemly, expensive, and dangerous conflicts of jurisdiction and process.
In the absence of a showing that some special equity exists in favor of the complaining party with which the Macon court is without authority to deal, no court of concurrent jurisdiction should interfere with the jurisdiction of that court over the case at bar. Jordan, supra.
The Calhoun court recognized and properly applied these principles in ordering the transfer of the cause to the Macon court. We find no reversible error in the court's action. This case is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.