On November 6, 1997, Holmes Oil Company, Inc., sued Jerry Dennis and Linda Dennis, d/b/a Dennis Grocery, in the Cullman Circuit Court. Holmes Oil alleged in Count III of the complaint that the Dennises owed $25,795. 70 for insufficient-funds checks given to Holmes Oil between August 7, 1996, and January 2, 1997. The Dennises moved for a change of venue, pursuant to Rule 82, Ala. R. Civ. P., arguing that their residence and their place of business were located in Madison County. After hearing oral argument, the court denied the motion, finding that "venue is proper under Count III of the Complaint here in Cullman County, Alabama, also." Holmes Oil has its place of business in Cullman County. The Dennises counterclaimed, alleging a breach of contract and alleging a misrepresentation regarding a contractual agreement between the parties. Holmes Oil moved for a summary judgment, arguing that, based on the Dennises' deposition testimony admitting that they owed approximately $25,000 to Holmes Oil for bad checks, it was entitled to a judgment as a matter of law. In addition, Holmes Oil argued that the Dennises' claims were barred, based on the statute of Frauds, Uniform Commercial Code's statute-of-frauds provision, § 7-2A-201, Ala. Code 1975, because there had been no written agreement between the parties.
After hearing oral argument, the court, on July 2, 1999, entered an order in favor of Holmes Oil for $25,795.70, plus court costs, and ruled that the Dennises' claims were barred by the statute-of-frauds provision. The Dennises appealed, arguing that the court erred in denying their motion to change venue and in entering the summary judgment.
This court must first consider whether the trial court's denial of a change of venue is properly before this court. Our supreme court addressed the issue of a motion for a change of venue in Liberty National Life Insurance Co. v. McAllister, 675 So.2d 1292 (Ala. 1995), stating:
 "The most common procedure by which this Court reviews a trial court's ruling on a motion for a change of venue is to petition for a writ of mandamus; however, this is not the exclusive procedure for review of such a ruling. The ruling can also be reviewed on direct appeal. Elmore County Comm'n v. Ragona, 540 So.2d 720 (Ala. 1989). A determination on a motion for a change of venue is a matter within the sound discretion of the trial court. Ex parte Gold Kist, Inc., 491 So.2d 869 (Ala. 1985)."
Id. at 1297. Although the Dennises did not petition for a writ of mandamus, we may review the venue issue on direct appeal; therefore, we now consider the merits of their venue argument.
Rule 82, Ala. R. Civ. P., states:
 "(b) Venue of Actions. Venue of actions shall not be affected by these rules except as the statute for venue for actions against individuals at law (§ 6-3-2(a)) and the statute for venue for actions against individuals in equity (§ 6-3-2(b)) are inconsistent. Such inconsistencies are resolved as follows:
 "(1) Against Resident Individuals. Actions against an individual or individuals having a permanent *Page 481 
residence in this state:
 "(A) Must be brought in the county where the defendant or any material defendant resides at the commencement of the action, except that if the action is a personal action other than an action on a contract, it may be brought either in the county where the act or omission complained of occurred, or in the county of the permanent residence of the defendant or one of them;
". . . .
"(d) Improper Venue.
 "(1) As of the Commencement of the Action. When an action is commenced laying venue in the wrong county, the court, on timely motion of any defendant, shall transfer the action to the court in which the action might have been properly filed and the case shall proceed as though originally filed therein."
See also Ex parte Sutton, 508 So.2d 682 (Ala.Civ.App. 1987). Holmes Oil argues that venue was proper in Cullman County, because Count III of the complaint does not involve a contractual relationship, but, it says, an attempt to collect on insufficient-funds checks that were presented to a bank in Cullman County. We disagree.
The record indicates that on May 4, 1986, the Dennises entered into a contract with K.J. Mobley, as a representative for Holmes Oil. The contract stated that Holmes Oil was to provide equipment and gasoline on a consignment basis to the Dennises to operate a gasoline station/convenience store located at Owens Cross Roads, in Madison County. The contract further stated that the Dennises were to pay Holmes Oil "for products so furnished by Holmes Oil when requested by Holmes Oil and on a schedule set up by Holmes Oil and [that they were to] make payments to Holmes Oil or to a depository designed by Holmes Oil." The Dennises testified they had operated the gasoline station/convenience store for about 13 years; that they had purchased the business for approximately $40,000 from Pete Glover; and that they understood that the property was leased to Holmes Oil from Lawrence Goldsmith and that their lease was subject to the continued lease agreement between Goldsmith and Holmes Oil. Linda Dennis testified that she had paid Holmes Oil by check on a weekly basis and that Mobley usually collected the payment each Wednesday. She further stated that she and her husband owed approximately $25,000 for checks that had been returned for insufficient funds. The Dennises operated the gasoline station/convenience store in the same location until their lease was terminated by Holmes Oil in March 1997. Both Linda and Jerry Dennis submitted affidavits stating that they resided in Madison County and operated their business in Madison County.
After thoroughly reviewing the record and the applicable caselaw, we conclude that the trial court erred in denying the Dennises' motion to change venue. We find no caselaw to support the trial court's conclusion that an action to recover for insufficient-funds checks would lie in Cullman County. The basis for Holmes Oil's lawsuit appears to be the contractual relationship entered into by the parties in 1986 and the Dennises' subsequent failure to make adequate payments on their account) by writing insufficient-funds checks.
We note that a "check" is defined in § 7-3-104, Ala. Code 1975, as a "negotiable instrument":
 "(a) . . . an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it:
 "(1) Is payable to bearer or to order at the time it is issued or first comes into possession of a holder.
Based on this definition, we conclude that the checks were negotiated in Madison County, when Mobley collected them from the Dennises. Also, our courts have also defined a "check": *Page 482 
 "'A check is a written order, or request, for the payment of money, addressed to a bank or banker.' 'A check is essentially commercial paper, possessing the attributes of a contract, and certain characteristics of property, and it is equivalent to a promise to pay upon the part of the drawer. It is executory in its nature.' 'A check is a contract.'"
Delevie v. State, 686 So.2d 1283, 1285 (Ala.Crim.App. 1996) (citations omitted). The proper venue for this action would, therefore, be determined by the venue statute previously cited. See also Ex parte Sierra Development, Inc., 652 So.2d 251 (Ala. 1994). The judgment is reversed and the case is remanded for the trial court to issue a ruling consistent with this opinion. Because we reverse on the venue issue, we pretermit discussion of the other issue raised on appeal.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
ROBERTSON, P.J., and CRAWLEY and THOMPSON, JJ., concur.
MONROE, J., concurs in the result.