Ruby F. Schreck, individually and as trustee of the trust for the benefit of Michelle I. Schreck, appeals from a summary judgment in favor of Jeffrey I. Friedman and Susan M. Friedman. We reverse the trial court's judgment.
On March 31, 2006, Jeffrey I. Friedman and Susan M. Friedman filed a complaint in the Mobile Circuit Court against Ruby F. Schreck ("Schreck"), individually and as trustee of the trust for the benefit of Michelle I. Schreck. The Friedmans filed an amended complaint on April 5, 2006. In the amended complaint, the Friedmans requested that the court enforce its July 1, *Page 1126 
1988, judgment, in which it ordered Lambert Roberts, Schreck's father and the predecessor in title to property owned by Schreck and the trust, to remove that portion of her pilings, decking, roof, and pier that encroached onto the Friedmans' property as extended into the water. The Friedmans alleged that, although Roberts had complied with the 1988 judgment, Schreck had recently built a structure that encroached onto the Friedmans' property as extended into the water.
On May 3, 2006, Schreck filed a motion to dismiss the complaint for improper venue or, in the alternative, to transfer the action to Baldwin County. Schreck alleged that because the complaint concerned real property located in Baldwin County venue was proper in Baldwin County. After a hearing, the court denied the motion to dismiss or, in the alternative, to transfer venue on October 4, 2006.
On September 29, 2006, the Friedmans filed a motion for a summary judgment, along with a supporting brief and evidentiary materials. Schreck thereafter filed an answer to the amended complaint in which she asserted the affirmative defenses of prescription and adverse possession. On December 1, 2006, Schreck filed her response to the Friedmans' summary-judgment motion. In her response, Schreck alleged that she had adversely possessed the area in which her pilings, boathouse, and pier crossed the parties' boundary line.
On December 6, 2006, the court entered a summary judgment in favor of the Friedmans. The court ordered Schreck to remove, within 30 days of the judgment, any and all portions of the pier touching or crossing the boundary line as extended into the water. On January 10, 2007, Schreck filed her notice of appeal to the Alabama Supreme Court. That court transferred the appeal to this court, pursuant to Ala. Code 1975, § 12-2-7(6).
On appeal, Schreck argues that the trial court erred by entering a summary judgment in favor of the Friedmans because, she says, there was a genuine issue of material fact as to whether Schreck had obtained a prescriptive easement over that portion of the Friedmans' riparian area where her pier and boathouse were constructed. Schreck also argues that the trial court erred by declining to dismiss the action for improper venue or, in the alternative, to transfer the action to Baldwin County.
We find the venue issue to be dispositive of this appeal. Initially, we note that a question of improper venue may be reviewed on appeal. Elmore County Comm'n v. Ragona,540 So.2d 720 (Ala. 1989). "Our standard of review for a challenge to the trial court's denial of a motion for a change of venue is whether the trial court exceeded its discretion in denying the motion." Ex parte Flexible Prods. Co.,915 So.2d 34, 51 (Ala. 2005).
 "`"The question of proper venue for an action is determined at the commencement of the action." Ex parte Pratt, 815 So.2d 532, 534 (Ala. 2001). "If venue is not proper at the commencement of an action, then, upon motion of the defendant, the action must be transferred to a court where venue would be proper." Ex parte Overstreet, 748 So.2d 194, 196
(Ala. 1999).'"
Ex parte Hanna Steel Corp., 905 So.2d 805, 808
(Ala. 2004) (quoting Ex parte Walter Indus., Inc.,879 So.2d 547, 548-19 (Ala. 2003)).
Schreck argues that venue was improper in Mobile County because the real property at issue in the case is situated in Baldwin County. In support of her argument, Schreck cites Ala. Code 1975, § 6-3-2(b)(1), which provides: "All actions where real *Page 1127 
estate is the subject matter of the action, whether it is the exclusive subject matter of the action or not, must be commenced in the county where the same or a material portion thereof is situated."
The Friedmans, however, argue that this case is based on the 1988 judgment of the Mobile Circuit Court and that this case sought enforcement of the 1988 judgment; therefore, they contend, venue was proper in Mobile County. The Friedmans citeRush v. Simpson, 373 So.2d 1105, 1108
(Ala.Civ.App. 1979), for the proposition that "[t]he jurisdiction of the tribunal, where jurisdiction first attaches, continues until the judgment rendered in the first action is satisfied, and extends to proceedings which are ancillary or incidental to the action first brought . . . and to proceedings for the enforcement of the court's decrees." They also cite Clements v. Barber, 49 Ala.App. 266,270, 270 So.2d 815, 818 (Ala.Civ.App. 1972), in which this court stated that "the court first taking notice of the controversy has the exclusive right to exercise jurisdiction to a final determination of the said matter including the enforcement of its decrees."
This case, however, is distinguishable from Rush andClements. In Rush, an action was brought in the Calhoun Circuit Court seeking "`permanent injunctive and declaratory relief from a post judgment garnishment.'"373 So.2d at 1106. The original judgment had been entered by the Macon Circuit Court. This court noted that postjudgment garnishment actions are ancillary proceedings seeking enforcement of a prior judgment. Because the action sought relief from a postjudgment garnishment action that was ancillary to the original action that had been adjudicated in the Macon Circuit Court, this court concluded that the Calhoun Circuit Court properly transferred the case to the Macon Circuit Court.
In Clements, the two cases at issue were brought in the Jefferson Circuit Court after the Jefferson Family Court entered a judgment awarding custody of a child to the Alabama State Department of Pensions and Security to be made available for permanent placement or adoption. The persons in whose custody the child had been at the time the Jefferson Family Court entered its judgment filed a petition for the writ of habeas corpus in the Jefferson Circuit Court requesting that the child be returned to their custody. The second case was filed by the child, by and through his next friend, requesting that he be returned to his prior custodians and that the Jefferson Family Court's judgment be set aside on the ground of fraud. Upon review, this court noted that there was no information showing that the Alabama State Department of Pensions and Security had completely complied with the Jefferson Family Court's judgment by making the child available for permanent placement or adoption. Therefore, this court stated that the Jefferson Family Court had retained jurisdiction over the matter to ensure compliance with its judgment and that the Jefferson Circuit Court lacked jurisdiction to consider the cases filed by the prior custodians and the child.
In the present case, the Friedmans alleged that Roberts had, in fact, complied with the 1988 judgment by removing all the encroaching structures. After Roberts's death, however, the Friedmans alleged that Schreck had reconstructed the pier so that it encroached beyond the lot line as that line extended into the water. The present case is a separate action based on new and different facts than those involved in the previous action. This new action is not ancillary or incidental to the original action.
Based on Ala. Code 1975, § 6-3-2, the proper venue for the present case is in *Page 1128 
Baldwin County because the real property at issue is located in Baldwin County. Rule 82(d)(1), Ala. R. Civ. P., provides: "When an action is commenced laying venue in the wrong county, the court, on timely motion of any defendant,shall transfer the action to the court in which the action might have been properly filed and the case shall proceed as though originally filed therein." (Emphasis added.) Because of the mandatory language of that rule, we conclude that the trial court exceeded its discretion by denying Schreck's motion to transfer the case to the Baldwin Circuit Court.
Based on the foregoing, we reverse the trial court's judgment and remand the cause with instructions to transfer the case to the Baldwin Circuit Court. Because we reverse on the issue of venue, we pretermit discussion of Schreck's remaining argument.See Dennis v. Holmes Oil Co., 757 So.2d 479, 482
(Ala.Civ.App. 2000).
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.