217 So.2d 534

**S. T. RUSSELL**

v.

**Janet M. WALLER et al.**

**3 Div. 370.**

Supreme Court of Alabama.

Jan. 2, 1969.

Elno A. Smith, Jr., Montgomery, for appellant.

Crenshaw & Waller, Montgomery, for appellees.

BLOODWORTH, Justice.

This is an appeal by S. T. Russell from an order of the circuit court of Montgomery County, Alabama dated May 1, 1968, dismissing his claim to the proceeds of a garnishment against N. J. Bell, III.

A garnishment was commenced on March 6, 1968 by attorneys for Janet M. Waller (a judgment creditor of S. T. Russell) directed to N. J. Bell, III, as garnishee, who allegedly held funds due and owing to S. T. Russell (the judgment debtor). Writ of garnishment was issued to and served on the garnishee. Notice of garnishment was served on the judgment debtor, S. T. Russell.

On March 20, 1968 the garnishee filed an answer with the court in which he admitted an indebtedness to the judgment debtor of $2,037.71. On March 29, 1968 the court entered its order and judgment condemning so much of the funds in the hands of the garnishee necessary to satisfy the claim of the judgment creditor.

The debtor then filed a "claim of exemption" alleging that the funds in the garnishee's possession were proceeds remaining after foreclosure of property upon which he had previously claimed a homestead exemption.

On May 1, 1968 the court sustained the judgment creditor's demurrer to the judgment debtor's claim of exemption and entered an order dismissing the claim.

The judgment debtor lists six assignments of error. Assignments one through five concern the action of the court in sustaining the demurrer to the claim of exemption. The sixth assignment of error relates to the order of the court dismissing the claim of exemption.

The sole issue on this appeal concerns the correctness of the trial court's ruling in sustaining demurrer to, and dismissing, the claim of exemption. We find that the trial court was correct in sustaining the demurrer and dismissing the claim.

Title 7, § 1000, Code of Alabama 1940, provides, as follows:

> "§ 1000. Notice to defendant; when to be given.—When the defendant resides within the state, and the garnishment is issued on a judgment or decree, or in a pending suit in which an appearance has not been entered for the defendant, the officer issuing the garnishment must issue notice thereof to the defendant, *which notice must be served on him at least five days before judgment* against the garnishee." [Emphasis supplied.]

■ The record discloses that the writ of garnishment and the notice of the garnishment were served upon the garnishee and the judgment debtor, respectively, on March 8, 1968. On March 29, 1968, the court entered a judgment in the garnishment proceeding condemning so much of the funds held by the garnishee as would be necessary to satisfy the appellee's claim. We observe that twenty-one days elapsed from the time notice was given to the date judgment was entered. The procedural requirements with respect to notice have, therefore, been fully complied with.

The record further discloses that the judgment debtor filed a claim of exemption on April 3, 1968, after the judgment of condemnation.

The manner of filing exemptions in garnishment proceedings is governed by Title 7, § 651, Code of Alabama 1940, which provides:

> "When money or choses in action, or personal property, are garnished, and the defendant claims the same, or any part thereof, as exempt, he shall file his claim thereto in writing, * * *. *If the defendant has notice of the garnishment, the claim of exemption must be interposed before judgment of condemnation;* but if not, such judgment shall not operate to impair or affect his claim of exemption. Notice of the garnishment must be in writing, and may be given by the plaintiff or garnishee, but must be served by the sheriff at least five days before any judgment of condemnation." [Emphasis supplied.]

■ Since the claim of exemption was not filed until after March 29, 1968, when judgment of condemnation was entered, this was clearly outside the prescribed time limitation for filing such a claim. Randolph v. Little, 62 Ala. 396; Craft v. Louisville & Nashville Railroad Co., 93 Ala. 22, 9 So. 328.

Therefore, appellant has failed to file timely claim to the funds being garnished, and the trial court properly entered an order dismissing the claim of exemption.

The judgment of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.