231 So.2d 763

**Mildred OLSON, d/b/a The Little Gallery**

**v.**

**FIELD ENTERPRISES EDUCATIONAL CORPORATION, a Corporation.**

**6 Div. 4.**

Court of Civil Appeals of Alabama.

Feb. 11, 1970.

John P. Buck, Tuscaloosa, for appellee.

Sam M. Phelps and John A. Owens, Tuscaloosa, for appellant.

THAGARD, Presiding Judge.

The appellee, Field Enterprises Educational Corporation, after having obtained a default judgment in the County Court of Tuscaloosa County against one Edith Thomas on February 17, 1967, sued out a writ of garnishment in said court on April 3, 1967 directed to the appellant in this cause.

The writ of garnishment, which was served upon appellant on April 4, 1967 required her "to appear within 10 days after the service of this writ, * * *" and answer under oath according to the terms of the garnishment. The appellant endorsed on the writ, but not under oath, in her own handwriting,

. "I do not choose to have Edith Thomas's check garnished.

(Signed) Mrs. Mildred P. Olson", and filed the same in the court of its origin on April 7, 1967.

On April 17, 1967, thirteen days after service of the original writ, a conditional judgment was rendered against the appellant. Notice of the judgment was served upon the appellant on April 19, 1967. It advised her that the judgment would be made final unless she "appear at the present term of this Court, within 10 days after service of the rendition of this judgment, and show cause why this judgment should not be made absolute * * * "

Appellant failed to answer within 10 days, and on May 1, 1967 the court made the judgment final and absolute. Three days later the garnishee-appellant filed an answer under oath, which the court later said was a sufficient answer if it had been seasonably filed.

More than six months later the clerk of the court issued an execution on the judgment and filed a certificate of the same in the office of the Probate Judge.

Appellant, on November 14, 1967, filed in the Tuscaloosa County Court a Motion to Expunge the judgment, mainly assigning as grounds that the judgment had been prematurely taken. Later, she filed an amendment to the Motion to Expunge, assigning the additional ground that the plaintiff (appellee here) was a foreign corporation not qualified to do business in Alabama.

Hearing on the Motion to Expunge, as amended, was had on January 16, 1968 and the court denied the Motion to Expunge, as amended.

From the judgment of the County Court the garnishee-appellant appealed to the Circuit Court of Tuscaloosa County, as she was authorized to do by the local act that created the County Court. See Act No. 311, Acts of Alabama, Regular Session 1965, Section 13.

Appellant also filed interrogatories to appellee and upon appellee's failure to answer the same filed a motion to compel the appellee to answer.

After hearing, the Circuit Court of Tuscaloosa County denied appellant's Motion to Compel Answers to Interrogatories, denied appellant's Motion to Expunge and ruled that the judgment theretofore rendered against garnishee-appellant was a valid judgment. From that final judgment of the Circuit Court this appeal was taken.

Appellant's Assignments of Error Nos. 1, 3, 4, 6, 7, 8, and 9 all go to the proposition that the Circuit Court erred in affirming the judgment of the County Court refusing to expunge and declare for naught the judgment theretofore rendered against the garnishee. We think that our ruling on these Assignments of Error will be dispositive of the appeal and that it will not be necessary to discuss the other Assignments of Error or appellee's Cross-Assignments of Error.

The question presented by the Assignments of Error heretofore enumerated is in substance as follows:

Is a final judgment rendered against a garnishee void because it is taken in less than thirty days after service of the conditional judgment upon the garnishee and when the conditional judgment was taken in less than thirty days after service of the initial process of garnishment upon the garnishee when viewed in light of Title 7, Sections 1019 and 999, Code of Alabama 1940 (Recomp.1958) and in view of Section 9 of Act No. 311 of the 1965 Regular Session of the Legislature of Alabama, Vol. 1, p. 426?

Otherwise stated, are the provisions of the general law on garnishment as to the return day of the writ and as to the length of notice of the entering of a conditional judgment against the garnishee applicable to garnishment writs and notices issued out of the County Court of Tuscaloosa County; or is the provision of Section 9 of the act creating the court (Act No. 311, Acts of Alabama, Regular Session 1965, Vol. 1, p. 426) applicable? The pertinent part of

Section 9 of Act 311, supra, reads as follows:

"In all civil cases in this court the defendant shall have ten days after service to plead, answer, or demur in any proceedings brought therein. * * *" (See page 430)

Appellant contends that Title 7, Section 999, Code of Alabama 1940 (Recomp.1958) (requiring that the writ be answered under oath within thirty days) and Title 7, Section 1019, Code of Alabama 1940 (Recomp.1958) (requiring that the garnishee have thirty days notice of the entering of a conditional judgment before the same is made final) are applicable to garnishment proceedings in the County Court of Tuscaloosa County. On the other hand, appellee contends that Section 9 of Act No. 311, supra, is applicable, and that the judgment was not prematurely entered.

The appellant cites Hollis v. Bender, 34 Ala.App. 4, 7, 40 So.2d 876, 877 quoting as follows:

"Garnishment proceedings are purely of statutory creation, with no affinity to any action known to the common law. It is regarded as a mode of attachment, and unless the case is influenced and controlled by some provision of the statute (Tit. 7, Sec. 995, Code 1940) relief must be denied. * * *"

Appellant also quotes from Miller v. State ex rel. Peek, 249 Ala. 14, 22, 29 So.2d 411, 416, 172 A.L.R. 1356, as follows:"

" ' "Special provisions relating to specific subjects control general provisions relating to general subjects. The things specially treated will be considered as exceptions to the general provisions."

*     *     *     *     *     *

" ' "When the law descends to particulars, such more special provisions must be understood as exceptions to any general rules laid down to the contrary; and the general rules must not (vice versa) be alleged in confutation of the special provisions." ' "

See also Cooper Transfer Co., Inc. v. Alabama Public Service Commission, 271 Ala. 673, 127 So.2d 632; Geter v. United States Steel Corporation, 264 Ala. 94, 84 So.2d 770, both cited by appellant.

It is elementary that if Section 9 of the local act, supra, is applicable, it must have had the effect of repealing the provisions of the general garnishment law hereinabove referred to, insofar as the County Court of Tuscaloosa County is concerned. We do not believe that Section 9 of the local act, supra, deals with the same subject matter as Sections 999 and 1019 of Title 7 of the 1940 Code, supra. Again, we quote the provision of Section 9, with our own emphasis:

"In all civil cases in this court the defendant shall have ten days after service to *plead, answer,* or *demur* * * *";

whereas, Section 999 of the general garnishment law, supra, says that the process of garnishment shall require the garnishee to "appear within thirty days and file an *answer, upon oath,* whether, * * *" (Emphasis ours.) The general garnishment law makes no provision for *pleading* or *demurring* to garnishment writs, and Section 9 of the local act, supra, makes no mention of answering "under oath." Obviously, the two sections are legislating about two entirely different subjects. Again, Section 1019 of the general law makes no provision for *pleading, answering,* or *demurring,* but only provides for thirty days notice of the conditional judgment to be served upon the garnishee.

We note also that Section 9, supra, reads that "In *all civil cases* in this court * * *", (Emphasis ours.) which we take to mean all original suits. Garnishment is an ancillary proceeding, not an original civil suit. We hold that Section 9 of Act No. 311, supra, amended Title 7, Section 184, of the 1940 Code of Alabama (Recomp.1958), but not Title 7, Sections 999 and 1019, of the 1940 Code of Alabama insofar as Section 184 would otherwise have been applicable to the County Court of Tuscaloosa County, Alabama.

We further hold that the writ that required the garnishee in this case to appear and answer within ten days did not allow sufficient time to garnishee as provided by Title 7, Section 999, Code of Alabama 1940, and therefore the conditional judgment entered less than thirty days after the issuance of said writ was void. The same holding applies to the final judgment entered after notice of conditional judgment, which notice provided for appearance of garnishee at a time less than thirty days from service thereof. This is opposed to the requirement of notice prior to entry of final judgment under Title 7, Section 1019, Code of Alabama 1940.

We further hold that the Circuit Court erred in denying appellant's Motion to Expunge and in ruling the judgment to be valid. We recognize that our holding will upset what has probably been the practice in garnishment suits in the County Court of Tuscaloosa County and its predecessor court, for many years, but the remedy is with the legislature, not this court.

Reversed and remanded.