On 17 November 1977, Orrox Corporation was served with a Writ of Garnishment, issued from the circuit court, by which Lillian Orr sought to collect a judgment rendered in her favor in her divorce action against William Orr, President of Orrox.
The issues presented for review are:
(1) Did the Circuit Court of Lee County have jurisdiction to adjudicate the nature and incidents of Orrox Corporation's employment relationship with William Orr?
(2) Does Orrox Corporation's employment relationship with William Orr support the circuit court's judgment concerning wages paid, and to be paid, by the corporation to him after the corporation answered Lillian M. Orr's Writ of Garnishment?
The trial court held it had jurisdiction to adjudicate William Orr's contract rights vis-a-vis Orrox Corporation and that his status with the corporation would support a continuing garnishment of future wages to be paid by it to him. Thereupon judgment was entered against Orrox for 25 percent of the amount of wages paid Orr since the writ was served, and for 25 percent of future wages to be paid him until Lillian Orr's judgment was satisfied.
 I
Orrox contends that because its principal place of business is in California, and William Orr is employed there, the circuit court has no jurisdiction over the matter. Section6-6-391, Code 1975, gives subject matter jurisdiction to the circuit court. That section requires the Writ of Garnishment to be issued out of the court in which the judgment sued upon was entered. In this case that was the Circuit Court of Lee County.
By doing business in this state, as the evidence discloses, it submits itself to the jurisdiction and process of this state's courts. William Orr could sue Orrox here to recover his wages. It offends no notion of "fair play and substantial justice," as Orrox claims, to require it to answer the garnishment. See generally Pepperell Manufacturing Co. v.Alabama National Bank of Montgomery, 261 Ala. 665, 75 So.2d 665
(1954).
Orrox's fears that William Orr might not be bound by the garnishment *Page 1172 
judgment are unfounded. Since, in this case, garnishment is an ancillary proceeding and not an original suit, William Orr is a party to this action. Olson v. Field Enterprises EducationalCorp., 45 Ala. App. 438, 231 So.2d 763 (Ala.Civ.App. 1970). He is barred from later asserting in another jurisdiction that Orrox has no right to withhold his wages. Sanders v. ArmourFertilizer Works, 292 U.S. 190, 54 S.Ct. 677, 78 L.Ed. 1206
(1934); 38 C.J.S. Garnishment § 293, p. 580 (1943).
 II
Orrox cites Henry v. McNamara, 124 Ala. 412, 26 So. 907
(1899) to support its contention that because William Orr's employment is terminable at will, his wages to be paid and accumulated by Orrox, are future indebtednesses not subject to garnishment. Henry and other cases cited by appellant were decided before Act No. 541, 1949 Legislature, amended Tit. 7, § 630, Code 1940 (§ 6-10-7, Code 1975). That section now reads in pertinent part:
 "* * * The garnishee shall retain 25 percent of the wages, salaries or other compensation of the laborer or employee during such period of time as is necessary to accumulate a sum equal to the amount shown as due by the court on the writ or levy, at which time the garnishee shall pay the same into court. * * *"
Since 1949 it has not been necessary to bring repeated suits in order to garnish the wages of an employee whose employment is terminable at will. See 2 Ala.L.Rev. 390 (1950).
The circuit court having jurisdiction of the case and having properly found William Orr's wages subject to garnishment, its judgment is affirmed.
AFFIRMED.
BLOODWORTH, MADDOX, FAULKNER and ALMON, JJ., concur.