**In the Matter of Virgil C. LEWIS, Debtor.**

**Bankruptcy No. 82–02912.**

United States Bankruptcy Court, N. D. Alabama, S. D.

July 28, 1982.

Jack G. Davis, Birmingham, Ala., for debtor.

Mark H. Friedman, Birmingham, Ala., for Pizitz Dept. Store.

Milton G. Garrett, Birmingham, Ala., trustee.

Jack Rivers, Birmingham, Ala., U. S. trustee.

## OPINION

STEPHEN B. COLEMAN, Bankruptcy Judge.

This case illustrates how ineffective theory can be in the practical application of the Code to a wage earners's need for prompt relief. When an employee finds his wages withheld by garnishment and his ability to support his family threatened, he seeks relief in bankruptcy in desperation. Proverbially, he has exhausted his remedies under state laws, which are in the main creditor oriented, and his lone hope lies in the Bank-

---

ruptcy Court. Section 67(a) of the Bankruptcy Act was a powerful instrument for such relief—a speedy and effective remedy.[1]

Its omission from the Code and the suggested substitution of preference avoidance under Section 547[2] would substitute a slow and cumbersome, and especially in the wake of the *Marathon Oil* Case,[3] an ineffective procedure for speedy relief.

Fortunately, wages are in the main exempt property within the meaning of most state and federal laws, but despite liberal application and provision under state laws, the employee does not always enjoy complete and speedy relief. Hence, his resort to Bankruptcy Courts. Garnishment is a species of attachment[4] and falls under the influence of the definition of judicial liens[5] which affords relief from garnishment under Section 522(f) of the Code, as well as under Section 547.[6]

It is incumbent on the debtor to claim his wages exempt and to seek to avoid and annul the garnishment lien.[7] This duty existed under the old practice under Section 67(a) and the remedy developed and progressed at the suggestions prompted by some decisions of the Supreme Court of the United States.[8]

This matter comes before the Court on the motion of Pizitz Department Store to reconsider and set aside an Order for Release and voiding of Garnishment dated May 20, 1982. Pizitz became a judgment creditor of Virgil C. Lewis prior to his May 17, 1982, filing bankruptcy. A Writ of Garnishment had been issued to the debtor's employer, Jefferson County Health Department, and wages were paid into the Circuit Court of Jefferson County. Following the release of garnishment by Order of this Court under Section 522(f) of the Bankruptcy Code, the amounts held in State Court were paid to the debtor as exempt property.

Pizitz, the creditor, staunchly contends that any funds garnished prior to 90 days before the bankruptcy petition was filed are not property of the debtor, and cannot be exempted by him. Creditor does not claim wages earned and garnished within the 90 days, as it concedes that would constitute a preference under Section 547(b), illustrated by the cases discussed below.[9]

---

1. See discussion 4 *Collier on Bankruptcy*, 14 Ed., starting page 137.

2. Proponents of the Code evidently intended to place relief under section 547 and not under 522(f) as this quote indicates. "Former section 67a, invalidating judicial liens obtained within four months preceding a petition while the debtor was insolvent is deleted by the Code. With the changes made in section 547, such a lien is, under the Code, voidable as a preference (reasonable cause to believe insolvency no longer being a necessary element)." See section on Legislative History, *Collier Pamphlet Edition*, Bankruptcy Code, page 292.

3. See Slip Opinion—*Northern Pipeline Construction Co. v. Marathon Pipe Line Co., Et Al.,* — — U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

4. See cases and discussion in 4 *Collier on Bankruptcy*, 14 Ed., Section 67.10.

5. The Bankruptcy Code Section 101(27) defines a judicial lien as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding."

6. Section 522(f) of the Bankruptcy Code reads as follows:

"Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—(1) a judicial lien; . . ."

7. We have caused to be printed in all original petitions now customarily used in this Court, as a part of Schedule B–4, provisions for election to avoid liens on exempt property.

8. *Fischer v. Pauline Oil & Gas Co.,* 309 U.S. 294, 42 Am.B.R. (N.S.) 124, 60 S.Ct. 535, 84 L.Ed. 764, (1940).
*Chicago B. & Q. RR. Co. v. Hall,* 229 U.S. 511, 30 Am.B.R. 619, 33 S.Ct. 885, 57 L.Ed. 1306, (1913).

9. *Riddervold v. Saratoga Hospital,* 647 F.2d 342 (2d Cir. 1981); *Moratzka v. Bill Simek Distributing, Inc.,* 12 B.R. 936, (Bkrtcy.D.Minn.1981); *Woodman v. L. A. Olson Co., Inc.,* 8 B.R. 686 (Bkrtcy.W.D.Wis.1981); *Evans v. CIT Financial Services, Inc.,* 16 B.R. 731 (Bkrtcy.N.D.Ga. 1982); *Baum v. United Virginia Bank,* 15 B.R. 538 (Bkrtcy.E.D.Va.1981); *Cox v. General Electric Credit Corp.,* 10 B.R. 268 (Bkrtcy.D.Md. 1981); *Eggleston v. Third National Bank In Nashville,* 19 B.R. 280 (Bkrtcy.M.D.Tenn.1982).

The real issue before us is whether or not the money held by the State Court pursuant to the Writ of Garnishment was available for exemption by the debtor despite the garnishment proceedings.

Since the debtor is proceeding under Section 522(f) all the cases cited by the creditor involve preferences which are inapplicable and do not directly bear on this issue. (See Note 9.)

This Court agrees with the preferential transfer aspect of these cases but does not agree to the necessary application in this case. A brief study of the Alabama garnishment and exemption statutes will show why. All references are to the *Code of Alabama*, 1975, which in effect provides:

> Notice of process of garnishment is required on the garnishee and the defendant (debtor in this case). Section 6–6–393, 394. "If the garnishee admits the possession of money belonging to the defendant, he must pay the same ... into court to await the order of the court ..." Section 6–6–452. Wages come under this category, and not more than twenty-five percent of these wages must be paid into State Court. Section 6–10–7.

This Court has had occasion to address a very similar question in *University of Alabama Hospitals v. Warren*, 7 B.R. 201, 3 C.B.C.2d 326, 7 B.C.D. 75 (Bkrtcy.1980). The following is a quote from *Hurt v. Knox*, 220 Ala. 448, 126 So. 110 (1934), as cited in *Warren*, and the immediately succeeding paragraph appearing in that decision:

> "Some of the rights of the defendant affected by the failure to give notice, as required by statute, are: His right to give bond and dissolve the garnishment, Code 1923, Section 8064; his right to contest the answer of the garnishee, Code 1923, Section 8077; his right to discharge the original judgment and have a judgment against the garnishee, Code 1923, Section 8087; and his right to assert his exemptions as against the judgment, Code 1923, Section 7896. All these rights are concluded by the judgment of condemnation, unless the defendant appeals and procures its reversal. Section 8065, Code 1923; *Montgomery Gaslighting Co. v. Merrick and Sons*, 61 Ala. 534.
>
> It can be admitted that under the State Law, the Defendant had no standing to defeat the payment of Plaintiffs' judgment out of his earnings and that he had no remedy available under State Law. Bankruptcy is the only relief available." *Warren*, p. 202.[10]

The court in *Walden v. First Tennessee Bank*, 19 B.R. 901 (Bkrtcy.Tenn.1982), reached the same conclusion when it analyzed Tennessee's garnishment statutes. On page 903 of that opinion is a quote from the Tennessee Supreme Court in *Beaumont v. Eason*, 59 Tenn. (12 Heisk.) 417 (1873):

> "... The debtor, therefore, retains an interest in his wages until such interest is terminated by the court's payment of the garnished wages to the creditor. Under Tennessee law, it is clear that the transfer of the debtor's wages does not occur until the court has paid the monies garnished to the creditor ..."

The case of *Russell v. Waller*, 283 Ala. 385, 217 So.2d 534 (1969), also supports this position. There, the garnishee held funds (not wages) due and owing to the debtor. A notice of garnishment was served on the debtor, and in due course the court entered a judgment condemning enough of the funds to satisfy the debt. The debtor thereafter filed his claim of exemption, and in disallowing it the court stated that if the claim had been filed between the time of notice and the time of condemnation, it would have been allowed.

This principle is embodied in *Code of Alabama*, 1975, Section 6–10–37 which prescribes not only substantive rights but the procedure for giving the defendant the right to claim his exemptions at any time

10. Waivers of exemption were abolished by the Code by the wording of Section 522(f) as illustrated in Note 6 above. Since this provision is not available to debtors in the State Court, the Bankruptcy Court's power to release and discharge garnishments is greatly increased, giving the debtor a remedy he does not have in the State Court.

after notice of garnishment, prior to the judgment of condemnation which is codified in the following words:

"... If the defendant has notice of the garnishment, the claim of exemption must be interposed before judgment of condemnation, but if not, such judgment shall not operate to impair or affect his claim of exemption...."

The complete answer to the creditor's contention in this case is found in the fact that no order of condemnation of funds paid into the court was ever entered in the State Court. This fact effectively disposes of this case and the Motion for Reconsideration is accordingly overruled and denied.