**In re Kay Shelton STEPHENS d/b/a Sumter Flowers, Debtor.**

**J. William WHITE, Trustee, Plaintiff,**

v.

**Kay Shelton STEPHENS and Ball Seed Company, Inc.**

**Bankruptcy No. BK83–6342. Adv. No. AP84–0182.**

United States Bankruptcy Court, N.D. Alabama, W.D.

Oct. 4, 1984.

J. William White, Scottsboro, Ala., Trustee.

Edward H. Pradat, Tuscaloosa, Ala., for debtor.

Richard S. Manley, Demopolis, Ala., for defendant, Ball Seed Co., Inc.

### MEMORANDUM OF DECISION

GEORGE S. WRIGHT, Bankruptcy Judge.

This matter is before the Court on the Trustee's motion for summary judgment. The facts of this case are not in dispute. The only issue presented is whether wages which were garnished more than ninety days before the filing of the debtor's Chapter 7 petition, but upon which no judgment of condemnation was entered should be included in the debtor's bankruptcy estate.

### FINDINGS OF FACT

On March 25, 1981 defendant Ball Seed Company, Inc. (Ball Seed) recovered a default judgment for $2,888.15 plus costs against the debtor Kay Shelton Stephens in the District Court of Sumter County, Alabama. Ball Seed then filed a Writ of Garnishment against Greyhound Park, Inc. (Greenetrack), who was then Ms. Stephens' employer. After paying a prior garnishment, Greenetrack deducted $2,258.09 from Ms. Stephens' wages over the period from

September 14, 1982 to December 30, 1983. The parties have agreed that the $540.43 withheld during the ninety days prior to the filing of Ms. Stephens' Chapter 7 petition on November 22, 1983 constituted a preference; this dispute is over the remaining $1,717.66 now held by Ball Seed.

The Trustee relies on the case of *Matter of Lewis*, 21 B.R. 926 (Bkrtcy.N.D.Ala. 1982) for the proposition that because no judgment of condemnation was entered in the garnishment proceeding, the debtor retained an interest in those funds which became a part of her estate pursuant to 11 U.S.C. Sect. 541(a)(1). Ball Seed's response to this contention was to have the District Court of Sumter County, Alabama issue an order condemning the disputed funds on May 29, 1984. Ball Seed then contended that the *Lewis* case was thereby distinguished.

## CONCLUSIONS OF LAW AND APPLICATION TO THE FACTS

■ It is first necessary to discuss the effect of the May 29, 1984 order of the District Court of Sumter County, Alabama condemning these disputed funds. Ms. Stephens' Chapter 7 petition was filed on November 22, 1983, and an Order for Relief was entered on that date. Pursuant to 11 U.S.C. Sect. 362, the automatic stay came into effect when the petition was filed. The May 29, 1984 order of the District Court of Sumter County, Alabama was, therefore, in violation of the automatic stay. Actions taken in violation of the automatic stay are void and without effect. *Borg-Warner Acceptance Corp. v. Hall*, 685 F.2d 1306 7 C.B.C.2d 209, 9 B.C.D. 820 (11th Cir.1982).

The Trustee has placed much reliance on the *Lewis* case. In *Lewis*, the creditor claimed funds garnished prior to ninety days before the bankruptcy petition was filed. The *Lewis* court reasoned, however, that because no judgment of condemnation had been entered on the funds, the debtor was entitled to the withheld wages as exempt property under 11 U.S.C. Sect. 522(f). *See Lewis*, 21 BR at 928–29. *Cf. Walden v.*

*First Tennessee Bank*, 19 B.R. 901 (Bkrtcy.Tenn.1982) (applying Tennessee law). The Trustee also points out that the Alabama garnishment statutes clearly contemplate a court order of condemnation. *See Ala.Code* Sections 6–6–452 to –454, –461. *Cf. Id.* at Sect. 6–6–456 (judgment and proceedings if possession of effects subject to levy and sale admitted).

■ The Trustee's position is also supported by the fact that garnishment proceedings are purely of statutory creation with no affinity to any action known to the common law; and unless plaintiff's case comes within some clause of the statute, relief must be denied. *See Sloss v. Glaze*, 231 Ala. 234, 164 So. 51 (1935); *Olson v. Field Enterprises Education Corp.*, 45 Ala.App. 438, 231 So.2d 763 (1970); *Hollis v. Bender*, 34 Ala.App. 4, 40 So.2d 876 (1948). Thus, Alabama law requires strict compliance with the statutory scheme for a valid garnishment. *See e.g., Olson v. Field Enterprises Education Corp.*, 45 Ala.App. 438, 231 So.2d 763 (1970) (garnishment expunged because of insufficient notice to garnishee).

This Court is persuaded by the *Lewis* decision, but two significant points merit discussion here. First, the *Lewis* case concerned a claim by a debtor to exempt property; but in this case the debtor has not claimed the wages as exempt. Instead, the trustee is arguing that the wages are part of the estate created by 11 U.S.C. Section 541. The commencement of a case under Title 11 creates an estate that includes "all legal and equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. Sect. 541(a)(1). Sect. 541(a)(1) has the effect of overruling the Supreme Court's holding in *Lockwood v. Exchange Bank*, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061 (1903), in that it includes as property of the estate all property of the debtor, including that necessary for a fresh start. 4 *Collier on Bankruptcy* 541.01 (15th Ed.1983). Once property comes into the estate an individual debtor may exempt it under Sect. 522. *Id.* Therefore, if the debtor in *Lewis* could claim as exempt

wages which were garnished but upon which no judgment of condemnation had been entered, those wages must have come into the estate in the first instance under 11 U.S.C. Sect. 541(a)(1). It follows, then, that the disputed funds in this case must also be included in Ms. Stephens' bankruptcy estate.

A second significant difference between the *Lewis* case and the instant case is that in *Lewis* the money was being held by the Clerk of the State Court while in this case the money has already been paid by the Clerk to the creditor without any order of Court. This loose practice by plaintiff's attorneys and Court Clerks does not comply with the Alabama Garnishment law. The proper procedure is that the *Court* should enter an *Order of Condemnation* before the Clerk pays the money to the plaintiff-creditor, Section 6–6–452, 453, –454, –455, –456, –457, –460, –461. *Russell v. Waller*, 283 Ala. 385, 217 So.2d 534 (1969); *First National Bank of Birmingham v. Garrison*, 235 Ala. 94, 177 So. 631 (1937); *Hurst v. Home Protection Fire Ins. Co.*, 81 Ala. 174, 1 So. 209 (1886). Sec. 541 provides that the estate is "comprised of [all legal and equitable interests of the debtor in property as of the commencement of the case] *wherever located.*" 11 U.S.C. 541 (emphasis added). This position is also buttressed by the Supreme Court's holding in the case of *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515, 8 C.B.C.2d 710 (1983), *aff'g* 674 F.2d 144, 5 C.B.C.2d 1584 (2nd Cir. 1981), where the Court held that the bankruptcy estate included property seized by the I.R.S. pursuant to a tax lien. Furthermore, new Sec. 541 provides that the bankruptcy estate includes all property of the debtor "wherever located *and by whomever held.*" 11 U.S.C. 541 (1984) (effective October 10, 1984) (emphasis added). This new Sec. 541 apparently codifies the result of the *Whiting Pools* case; and while the amendment does not become effective until October 8, 1984, it illuminates the Congressional intent behind the "wherever located" language.

**CONCLUSION**

After considering the facts and the applicable law, the Court concludes that the $1,717.66 now held by *Ball Seed* is part of the bankruptcy estate of Kay Shelton Stephens because no judgment of condemnation was entered with respect to those funds. As Judge Coleman stated in *Matter of Lewis:*

> The complete answer to the creditor's contention in this case is found in the fact that no order of condemnation of funds paid into the court was ever entered in the State Court. This fact effectively disposes of this case....

*Matter of Lewis*, 21 B.R. at 929. The Trustee's motion for summary judgment is, therefore, due to be granted, and Ball Seed Co., Inc. shall be ordered pursuant to 11 U.S.C. Sect. 542 to pay to the Trustee the sum of $1,717.66.

This memorandum shall constitute the findings of fact and conclusions of law pursuant to Rule 7052 F.R.Bkrtcy.Procedure. A separate order will be entered consistent with the above opinion.