**In re Ronald S. MOORE, Brenda S. Moore, Debtors.**

**Bankruptcy No. 85-00861.**

United States Bankruptcy Court, M.D. Alabama, E.D.

Aug. 16, 1985.

James E. Cox, Davis, Cox & Cleveland, Auburn, Ala., for contestant.

James Opp Smith, Legal Services Corp. of Alabama, Opelika, Ala., for movant.

## MEMORANDUM OF DECISION

A. POPE GORDON, Bankruptcy Judge.

This case is before the court on the motion of the debtor to annul a writ of garnishment and to release proceeds of that garnishment to the debtor. Central Bank of the South (Central Bank) objects to the debtor's claim of exemption of the proceeds. The trustee reported this case as a no-asset case and took no part in these proceedings.

The facts of this case are not in dispute. The only issue presented is whether wages garnished before the filing of the debtor's Chapter 7 petition, now held by the Circuit Clerk of Lee County, Alabama, but upon which no judgment of condemnation has been entered may be claimed as exempt property by the debtor.

### Findings of Fact

A writ of garnishment was issued in favor of Central Bank and against the debtors in this case by the Circuit Court of Lee County, Alabama, on May 23, 1984. Craftmaster Printers, the garnishee, subsequently began withholding a portion of the debtor's wages pursuant to the writ. On May 21, 1985, the debtors filed their Chapter 7 petition. In their petition the debtors listed the funds then held by the garnishee as part of their estate and claimed the funds as exempt property. On May 30, 1985, the garnishee paid $1,659.56, the accumulated sum of the debtor's wages withheld under the garnishment, to the office of the Clerk of the Circuit Court of Lee County, Alabama. The clerk, without a judicial condemnation of the funds, paid the funds over to the attorney for Central Bank. On June 7, 1985, the funds were returned to the Circuit Court at the request of the clerk. Finally, on June 14, 1985, the Circuit Court Judge ordered all further action in the case stayed pending the resolution of these bankruptcy proceedings.

### Conclusions of Law and Application to the Facts

Central Bank contends that debtors lost all control over the garnishment proceeds

at the time those funds were transferred to the Circuit Court Clerk, to Central Bank and transferred back to the Circuit Court Clerk. These transfers, it is argued, severed any interest which the debtors may have had in the funds.

The debtors rely heavily upon *Matter of Lewis,* 21 B.R. 926 (Bkrtcy.N.D.Ala.1982) and *In Re Stephens,* 43 B.R. 97 (Bkrtcy.N. D.Ala.1984). To the extent noted in this opinion, the reasoning and conclusions of those cases are adopted by this court.

In *Matter of Lewis* as here the debtor sought to exempt wages that had been withheld under a writ of garnishment. The court stated that a garnishment writ may be avoided under Section 522(f) of the Bankruptcy Code, but that it is incumbent on the debtor to claim his wages exempt and to seek to avoid and annul the garnishment lien. Further, the debtor must claim his exemption prior to the condemnation of the garnishment proceeds. The facts reflect compliance with all these requirements by the present debtor. The personal property exempted, including these wages, does not exceed in value the amount of exemption allowed by Alabama law. See § 6–10–6 of the Code of Alabama.

As to the essential nature of condemnation as the cleavage point at which a debtor loses all rights to the garnished funds, *Code of Alabama,* 1975, § 6–10–37 provides:

"... If the defendant has notice of the garnishment, the claim of exemption must be interposed before judgment of condemnation, but if not, such judgment shall not operate to impair or affect his claim of exemption ..."

■ The court of *In Re Stephens* also examined the Alabama garnishment statutes in detail. The clerk of the court holding the garnished funds in that case had paid the funds over to the creditor without an order of condemnation. It was held that this transfer was not sufficient to sever the interest of the debtor's estate in those funds. We agree. The transfer of the funds back to the Clerk of the Circuit Court in this case likewise has no effect on the debtor's interest in the funds. As Judge Wright stated, "This loose practice by plaintiff's attorneys and Court Clerks does not comply with the Alabama garnishment law." *In Re Stephens* at 99.

■ In conclusion, this court holds that the $1,659.56 presently in the possession of the Clerk of the Circuit Court of Lee County, Alabama, has been properly exempted by the debtors. The garnishment is a judicial lien avoidable by the debtors under 11 U.S.C. § 522(f)(1) as to exempt wages. The motion to annul the writ of garnishment is due to be granted and the Clerk of the Circuit Court of Lee County, Alabama, shall be directed to pay the funds over to the debtors.

This memorandum shall constitute the findings of fact and conclusions of law required by Rule 7052 of the Federal Rules of Bankruptcy Procedure. A separate order will be entered consistent with the above opinion.