**In re DURA–BUILT HOMES, INC., Debtor.**

**DURA–BUILT HOMES, INC., Plaintiff,**

v.

**DOBBINS FOREST PRODUCTS, INC., Defendant,**

**First Alabama Bank, Intervenor.**

**Bankruptcy No. 89–01905–APG.**
**Adv. No. 89–0098–APG.**

United States Bankruptcy Court,
M.D. Alabama.

Sept. 18, 1989.

Robert P. Reynolds, Huntsville, AL, for intervenor.

## MEMORANDUM OF DECISION

A. POPE GORDON, Bankruptcy Judge.

Dura–Built Homes, Inc. instituted this adversary proceeding on June 13, 1989 seeking to recover an alleged preference under 11 U.S.C. § 547.[1]

Defendant Dobbins Forest Products, Inc. filed a motion for summary judgment on July 10, 1989, and intervenor First Alabama Bank filed a cross-motion for summary judgment on August 14, 1989.

The court heard oral arguments of counsel on these motions on August 22, 1989. Having considered the verified material submitted in support of and in opposition to the motions as well as the oral arguments and briefs of counsel, the court is of the opinion that there is no genuine issue as to any material fact and that the defendant is entitled to judgment as a matter of law.

The undisputed facts are as follows. On August 8, 1988, defendant Dobbins Forest Products, Inc. ("Dobbins") obtained a judgment against plaintiff Dura–Built Homes, Inc. ("Dura–Built") in the Circuit Court for Montgomery County, Alabama.[2] On December 21, 1988, Dobbins instituted garnishment proceedings in the Circuit Court for Montgomery County against First Alabama Bank and Dura–Built to recover funds of Dura–Built on deposit with the bank. First Alabama received service of the writ of garnishment on December 22, 1988.[3]

First Alabama filed an answer to the writ of garnishment on January 5, 1989 in which it stated that Dura–Built had $12,062.16 on deposit with the bank.

On March 20, 1989, the Circuit Court for Montgomery County entered an order condemning the funds. First Alabama paid the

Von G. Memory, P.A., Montgomery, AL, for plaintiff.

Charles P. Miller, Montgomery, AL, for defendant.

1. The court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(F).

2. The judgment for $22,400.00 represented money Dura–Built owed Dobbins on an open account.

3. Dura–Built received service of the writ of garnishment on December 27, 1988.

funds into the court, and the clerk of the court distributed the money to Dobbins.

Dura–Built filed a Chapter 11 petition in bankruptcy on June 2, 1989. Dura–Built then instituted this adversary proceeding alleging that the $12,062.16 transfer to Dobbins constituted a preference avoidable under 11 U.S.C. § 547.

On July 10, 1989, defendant Dobbins filed a motion for summary judgment alleging that the transfer did not constitute a preference in that the transfer occurred well outside the requisite 90–day period preceding the filing of the petition. According to Dobbins, the transfer occurred in December, 1988 at the time of service of the garnishment on First Alabama Bank. First Alabama filed a cross-motion for summary judgment contesting the date of the transfer and alleging that the transfer did indeed occur within the 90–day period preceding the filing of the petition. According to First Alabama and Dura–Built, the transfer occurred in March, 1989 at the time the circuit court condemned the bank funds in favor of Dobbins.

■■■ Under Alabama law, the service of a garnishment creates a lien in favor of the garnishor. Ala.Code § 6–6–76 (1975). A garnishment lien is encompassed within the definition of "transfer" under the Bankruptcy Code. *In re Conner*, 733 F.2d 1560, 1562 (11th Cir.1984).[4]

■■ 11 U.S.C. § 547(e)(1)(B) provides that a "transfer" of personal property is "perfected when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee."[5] Under Alabama law, a garnishment lien is created on the date of service of the garnishment, and the priority rights of the garnishor are determined as of that date. *See First State*

*Bank v. Southtrust Bank*, 519 So.2d 496, 497 (Ala.1987) (stating general rule).

■ Under the facts of the instant case, First Alabama Bank received service of the garnishment on December 22, 1988. On that date, Dobbins obtained a garnishment lien on the funds of Dura–Built on deposit with the bank. Ala.Code § 6–6–76 (1975). The lien constituted a "transfer" under the Bankruptcy Code.

The transfer was perfected on the date of service of the garnishment because on that date, no "creditor on a simple contract [could] acquire a judicial lien that [would be] superior to the interest of [Dobbins]." 11 U.S.C. § 547(e)(1)(B). The garnishment lien is a judicial lien which would take priority over subsequent judicial liens.

Thus, the transfer of the funds occurred on December 22, 1988 at the time of service on First Alabama Bank—not when the circuit court actually condemned the funds on March 20, 1989.

■ First Alabama, in contending to the contrary, points this court to cases which hold generally that a debtor retains an interest in garnished property after service of the garnishment, and the debtor's interest continues up until the date of condemnation.[6] *See In re Stephens*, 43 B.R. 97 (Bankr. N.D.Ala.1984); *In re Lewis*, 21 B.R. 926 (Bankr.N.D.Ala.1982). However, the critical question is not whether the debtor still retains *some* interest in garnished property but rather whether a "transfer" has occurred under the Bankruptcy Code. The Code's definition of transfer is exceptionally broad. A debtor's interest in his property need not be extinguished for a transfer to have occurred.

---

**4.** 11 U.S.C. § 101(50) provides as follows: "transfer" means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the debtor's equity of redemption; ...

**5.** 11 U.S.C. § 101(32) defines judicial lien as "a lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." Under this definition, a garnishment lien under

Alabama law is a "judicial lien" under the Bankruptcy Code. *See In re Moore*, 56 B.R. 7, 8 (Bankr.M.D.Ala.1985).

**6.** *Cf.* Ala.R.Civ.P. 64B and Ala.Code § 6–10–37 (1975) allowing a debtor to interpose a claim of exemption *after* a judgment of condemnation if the debtor had no notice of the garnishment. We note that the debtor in the instant case is a corporation and was not entitled to exempt the garnished funds.

This court holds that the transfer occurred in December, 1988—well outside the requisite 90–day period. The transfer did not constitute a preferential payment subject to avoidance under 11 U.S.C. § 547.

Accordingly, Dobbins' motion for summary judgment is due to be granted, and First Alabama's cross-motion for summary judgment is due to be denied.

A separate order will be entered contemporaneously herewith.