**In re Tony R. ROWELL, Sr., Debtor.**

**No. 00–14467–WSS.**

United States Bankruptcy Court, S.D. Alabama.

April 20, 2001.

Frank Thiemonge, Mobile, AL, for debtor.

Gregory B. McAtee, for Little's Auto Sales.

## ORDER GRANTING DEBTOR'S MOTION TO AVOID GARNISHMENT AND LIENS OF LITTLE'S AUTO SALES

WILLIAM S. SHULMAN, Bankruptcy Judge.

This matter came before the Court on the Debtor's motion to avoid garnishment and liens impairing the Debtor's exemptions. Little's Auto Sales (hereinafter "Little's Auto"), the creditor that obtained the garnishment, filed a response to the motion. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

Little's Auto had a garnishment on the Debtor's wages through his employer, Barnett Millworks Inc. The District Court of Mobile County, Alabama issued the garnishment under Case No. DV 2000–907, Little's Auto Sales, Inc. v. Tony R. Rowell. A payment history submitted by the parties indicates that the District Court received the following amounts on the following dates from the Debtor's employer:

| DATE | AMOUNT |
| --- | --- |
| 09–05–00 | $326.88 |
| 10–03–00 | $427.33 |
| 11–01–00 | $407.09 |

The District Court's docket sheet does not indicate that it entered a condemnation order on garnished funds. All of the funds were received prior to the filing of the Debtor's Chapter 7 petition on November 3, 2000, but not all of the funds were paid to Little's Auto prior to the filing of the petition. Counsel for Little's Auto Sales indicates that the District Court's procedure for disbursing garnished funds is to mark the funds for disbursement as soon as they are received. The funds may be sent to the garnishee at a later date.

The Debtor asks that all payments withheld pursuant to the garnishment within 90 days prior to the filing of the Chapter 7 be surrendered as exempt property and that the garnishment cease. Little's Auto maintains that the funds were condemned upon receipt by the District Court and that once condemned, the funds were no longer the Debtor's property and therefore cannot be claimed as exempt. Little's Auto

cites *Matter of Lewis*, 21 B.R. 926 (Bankr. N.D.Ala.1982) in support of its position. In *Lewis*, the bankruptcy court held that the debtor's rights to garnished funds, including his right to claim funds as exempt, end in a judgment of condemnation. *Id.* at 928. The *Lewis* court found that the debtor could assert his exemption against garnished funds because the creditor had never obtained an order of condemnation. *Id.* at 929.

The bankruptcy court in *In re Stephens*, 43 B.R. 97 (Bankr.N.D.Ala.1984) also addressed the lack of a condemnation order for garnished funds. In *Stephens*, the Trustee filed a motion for summary judgment to have garnished funds held by a creditor declared property of the estate under 11 U.S.C. § 541. The *Stephens* court distinguished the *Lewis* case on two grounds: first, there was no claim of exemption in the *Stephens* case and second, the disputed funds were held by a creditor rather than the clerk of the state court. *Id.* at 98–99. As to the funds being held by the creditor rather than the clerk of court, the *Stephens* court noted: "This loose practice by plaintiff's attorneys and Court Clerks does not comply with the Alabama garnishment law. The proper procedure is that the Court should enter an Order of Condemnation before the Clerk pays the money to the plaintiff-creditor, Section 6–6–452, 453 [sic], –454, –455, –456, –457, –460, –461." *Id.* at 99. (case citations omitted). The court held that the garnished funds that were distributed without an order of condemnation were property of the estate, and ordered the creditor to return the funds.

There is no evidence that the funds at issue in the present case were condemned by the District Court, even though they were paid to Little's Auto Sales. Under the reasoning of *Lewis* and *Stephens*, the Debtor is entitled to claim the funds as exempt. The Debtor claimed $1,000.00 in garnished wages as exempt in Schedule B of his bankruptcy petition. Based on the foregoing, the Court finds that the Debtor's motion to avoid garnishment and liens impairing the Debtor's exemptions is due to be granted, and Little's Auto Sales should refund the garnished funds in the amount of $1,000.00 to the Debtor. It is hereby

ORDERED that the Debtor's motion to avoid garnishment and liens impairing the Debtor's exemptions is GRANTED; and it is further

ORDERED that Little's Auto Sales shall return the garnished funds in the amount of ONE THOUSAND AND NO/100 DOLLARS ($1,000.00) to the Debtor within 14 days from the date of this order.