SEE, Justice
(dissenting).
I respectfully dissent from the majority’s affirmance of the trial court’s judgment against the Hartford Fire Insurance Company (“Hartford”) in this garnishment action. The trial court entered its judgment, in part, because it found that a garnishment proceeding is an ancillary proceeding to an underlying action. While a garnishment proceeding is an ancillary proceeding as to the parties to the underlying action, Hartford was not a party to the underlying action; therefore, Hartford correctly argues that any garnishment proceeding involving it constituted a new action as to Hartford, and was therefore barred under § 6-5-440, Ala.Code 1975, by Hartford’s federal action for declaratory relief, which was pending when the garnishment proceeding was filed.
Mary K. Epting and Mary G. Slye brought a garnishment action to collect the proceeds of an insurance policy issued to Abacus Software Group, Inc., in satisfaction of a judgment entered against Sankar-an Balasubramawium (“Bala”), a former Abacus employee. The trial court entered a summary judgment for Epting and Slye, and Hartford appeals.
*189 Hartford provided business automobile insurance to Abacus. Abacus is an information technology company that provides technical staff to support software projects at client companies. Abacus works closely with a sister company, Sierra Systems Asia Pvt. Ltd., to recruit software analysts in India to fill positions with Abacus clients across the United States. Abacus assigned Bala, a citizen of India, to work on a software project at the CIBA Specialty Chemicals plant in McIntosh, Alabama.
While working at CIBA, Bala lived at the Warren Inn apartments in Mobile and drove an automobile he rented from Alamo Rent-A-Car.[1] On February 17,1998, Bala was driving south on Schillingers Road in Mobile. He turned left onto Thomas Drive, but failed to clear the oncoming northbound traffic lane before Epting’s car crashed into his. Both Epting and her passenger, Slye, were injured in the accident. Abacus promptly notified its insurance agent of Bala’s wreck, and the agent notified Hartford on February 24, 1998.
Three days after the wreck, Bala completed his work on the CIBA project and moved to an assignment in Cedar Rapids, Iowa. He subsequently moved from Iowa to Cleveland, Ohio, and then to Colorado. In December 1998, Abacus informed Bala that it no longer had any work for him in this country and suggested that he might want to return to India.
On May 25, 1999, Epting and Slye sued Abacus and Bala, as an Abacus employee, alleging negligence.[2] Epting and Slye were unable to serve Bala in Mobile, and on October 1, 1999, the trial court denied their motion to serve Bala by publication. Epting and Slye served him in this action on December 18,1999.
Shortly after the accident, a claims adjuster from Hartford’s New England office spoke with Bala about the incident. After that conversation, Hartford paid Alamo $2,700 to settle Alamo’s claim against Bala for damage to the rental car.[3] Hartford then transferred the accident file to its Florida office, where a different Hartford claims adjustor took over management of the claim. On July 17, 1998, the adjuster took a tape-recorded statement over the telephone from Bala, in Cleveland, Ohio, but made no further attempts to contact Bala until after Epting and Slye had served Bala in connection with their negligence action.
On January 3, 2000, Hartford learned from Epting and Slye’s attorney that Bala had been served. Hartford then attempted to contact Bala in Colorado, where Ept-ing and Slye had served him. Hartford’s claims adjuster made numerous telephone *190 calls to Bala’s last known address and left messages on an answering machine. Bala did not return any of the calls. On January 10, 2000, Hartford’s claims adjuster asked Hartford’s special investigative unit in Denver to try to reach Bala. On January 13, 2000, Hartford retained an attorney on Bala’s behalf so that Bala would not be held in default. Hartford also attempted to reach Bala by contacting Sierra in India.
On February 4, 2000, Hartford’s claims adjuster asked Hartford’s special investigative unit in Orlando, Florida, to help locate Bala. Hartford did not reach Bala, and Bala did not respond to any messages left on an answering machine. On March 9, 2000, Hartford sent a reservation-of-rights letter to Bala at his last known address in Colorado and to his last known address in India. Hartford received a signature on a receipt indicating that Bala had received the letter in Colorado.

Hartford’s Federal Action

On May 31, 2000, Hartford sought a judgment[4] in federal court[5] declaring that because Bala had failed to cooperate in his defense, Hartford had no obligation under the policy to defend or indemnify Bala on any claims arising from his accident with Epting and Slye. On June 21, 2000, Epting and Slye moved to intervene as defendants, and answered Hartford’s complaint. On August 4, 2000, Hartford moved for a default judgment against Bala. On October 17, 2000, Epting and Slye moved to dismiss the declaratory-judgment action.
On October 19, 2000, the federal court stayed the declaratory-judgment action pending the entry of a final order in the underlying state action. On January 2, 2001, Epting and Slye again moved to dismiss the declaratory-judgment action. On January 26, 2001, Hartford amended its federal complaint to reflect that Abacus had been found not liable in Epting and Slye’s state action because, at the time of the accident, Bala was acting outside the scope of his employment. Hartford’s amended complaint alleged that it was entitled to relief because Bala had failed to cooperate and because the insurance policy covered only Abacus employees who were acting within the scope of their employment.
In the parallel state action, Epting and Slye had filed writs of garnishment against Hartford. On July 6, 2001, Hartford moved to have the federal court stay the ongoing state-court garnishment proceedings. The federal court denied the motion.
On October 4, 2001, Hartford moved to lift the stay in the declaratory-judgment action. On December 14, 2001, the federal court lifted the stay and found that Bala had been properly served but that he had failed to answer the complaint. The federal district court entered a default judgment against Bala, finding that Hartford had no duty to defend or to indemnify him.

The Underlying State Action

Meanwhile, on June 2, 2000, Hartford had moved to intervene in Epting and Slye’s state action against Bala. The trial court granted Hartford’s motion. Epting and Slye moved the trial court to reconsider its order allowing Hartford to intervene, arguing that Hartford was obstructing discovery and that Hartford, the “intervenor, [had] pending in the United States District Court for the Southern District of Alabama a complaint which will determine the issues sought to be determined in this litigation. Consequently, if intervenor is *191 allowed to file a complaint in this action, intervenor would be the plaintiff in a prior pending action in violation of Ala.Code § 6-5-440 (1975).” The trial court denied Epting and Slye’s motion to remove Hartford from the case, but ordered Hartford to choose between remaining a party to the state action or continuing to maintain its own declaratory-judgment action against Bala. Hartford chose to continue its federal declaratory-judgment action against Bala. Epting and Slye’s state court case against Bala proceeded to trial and, on September 19, 2000, the trial court entered judgments on a jury verdict in favor of Epting for $125,000 and in favor of Slye for $300,000.
On January 12 and February 1, 2001, Epting and Slye served a state “Process of Garnishment” on Hartford to recover the damages awarded in their state case. Hartford moved in state court to dismiss the writs of garnishment, arguing that it was not indebted to the parties, and arguing that the insurance-coverage issue was the subject of a pending federal declaratory-judgment action. Epting and Slye moved for a summary judgment on the writs of garnishment. Hartford moved again to dismiss the writs of garnishment. On December 4, 2001, the trial court entered a summary judgment on the garnishment in favor of Epting and Slye, finding that the federal declaratory-judgment action was not a prior-pending action, that the garnishment action was ancillary to Epting and Slye’s action against Bala, and that Hartford had a duty to defend and to indemnify Bala under the Abacus business automobile insurance policy. On December 26, Hartford moved pursuant to Rule 59(e) and Rule 60, Ala. R. Civ. P., for the trial court to vacate its garnishment judgment, citing the federal court order issued on December 14, 2001, indicating that Hartford had no duty to defend or to indemnify Bala. The trial court denied Hartford’s motion. Hartford appealed.
Hartford argues on appeal that the trial court erred by not dismissing Epting and Slye’s writs of garnishment under § 6-5-440, Ala.Code 1975, because, it argues, its federal declaratory-judgment action against Bala was a prior-pending action that barred Epting and Slye’s subsequent state garnishment action on the same issue.[6] In its summary-judgment order in *192 favor of Epting and Slye on the writs of garnishment, the trial court found:
“Hartford’s motion to dismiss the garnishment in this court was denied upon the rationale that the garnishment action was ancillary and auxiliary to the underlying suit which was pending long before the filing of the declaratory judgment action, as well as being the suit where personal service of process on Bala had been obtained, unlike the case with the federal court petition where, it is believed and supported by Hartford’s claim manager Holloway, the certified mail directed to Bala was signed by someone else and Hartford still has no service on Bala.[7] Olson v. Field Enterprises Educational Corp., [45 Ala.App. 438,] 231 So.2d 763 [(1970)]; Orrox Corp. v. Orr, 364 So.2d 1170 (Ala.1978); cf. Wheelwright Trucking Co. v. Dorsey Trailers, Inc., 158 F.Supp.2d 1298 (M.D.Ala.1/10/01).”[8]
The majority of this Court affirms the trial court’s order, pursuant to Rule 53(a)(1), (a)(2)(E), and (a)(2)(F), Ala. R.App. P.
I believe that the trial court erred when it found “the underlying suit ... was pending long before the filing of the declaratory judgment action.... ” It is true that in Rice v. State Farm Fire & Cas. Co., 628 So.2d 582, 583 (Ala.1993), this Court, quoting Rush v. Simpson, 373 So.2d 1105, 1107 (Ala.Civ.App.1979), held that “a post-judgment garnishment proceeding ‘is an ancillary proceeding seeking satisfaction of a prior judgment, and not an original civil suit.’ ” Hartford argues, however, that those cases in which this Court called garnishment “ancillary” are distinguishable from this case, because, it says, they address the ancillary nature of the proceeding as to the defendant whose assets are garnished and who was a party to the underlying proceeding, and they do not hold that garnishment is ancillary as to a nonparty. I agree.
*193 This Court has recognized that in a garnishment proceeding, the interests of the judgment debtor and the garnishee may be adverse. See Franklin Life Ins. Co. v. Peoples Bank & Trust Co., 594 So.2d 67 (Ala.1992). Because the garnishment action is treated as an ancillary proceeding, the judgment debtor may be made a party to the action and is “barred from later asserting in another jurisdiction that [the garnishee] has no right to withhold his wages” or any other property. Orrox Corp. v. Orr, 364 So.2d 1170, 1172 (Ala.1978).
Hartford argues that whether the garnishment action is “ancillary” as to Epting and Slye is not at issue in this case, and that the only issue that relates to Hartford is whether the prior action was pending as to Hartford. It was not.
This Court has held that the debtor’s insurance company has no interest in an underlying proceeding against the insured. In United States Fidelity & Guaranty Co. v. Adams, 485 So.2d 720 (Ala.1986), USF & G sought to intervene in an action brought by Allen Adams against Elk River Development and Highland Rim, the insured, in order to submit the action to the jury on special verdicts with interrogatories. USF & G stood in that case in the same position as Hartford stands in this one. This Court held that “USF & G does not have an interest in the transaction which is the subject of this lawsuit, but has an interest contingent upon the Adamses’ recovery of a judgment in their suit against Elk River” and, therefore, that it could not intervene as a matter of right. 485 So.2d at 722. This Court approved of the trial court’s finding that “ ‘[USF & G] may, by subsequent litigation, determine its liability in the event of the Plaintiffs’ recovery.’ ” 485 So.2d at 721.
This Court has also held that a plaintiff, acting as a judgment creditor, may not add a liability insurer as an additional defendant in an underlying action, but “that Alabama law requires the plaintiff to bring a separate action against the insurance carrier.” Wiggins v. State Farm Fire & Cas. Co., 686 So.2d 218, 218-19 (Ala.1996). In Wiggins, Melissa Wiggins had reached a pro tanto settlement with a fraternity and had obtained a $100,000 default judgment against a University of Alabama student who had assaulted her at a fraternity party. Wiggins moved to add the student’s insurer, State Farm, as a defendant and to apply the proceeds of the insurance contract to satisfy the default judgment. This Court quoted the reasoning in Maness v. Alabama Farm Bureau Mutual Casualty Insurance Co., 416 So.2d 979 (Ala.1982), “ ‘[o]nce an injured party has recovered a judgment against the insured, the injured party may compel the insurer to pay the judgment. The injured party, however, can bring an action against the insurer only after he has recovered a judgment against the insured....’” 686 So.2d at 220, and held that Wiggins could not add State Farm as a defendant to her action against the student.
In this case, no action was pending against Hartford until after Epting and Slye served Hartford with writs of garnishment. Moreover, Epting and Slye could not have made Hartford a party to the underlying action at any time before they obtained a judgment against Bala, which accrued only after Hartford had initiated its federal declaratory-judgment action. An action could not have been pending as to Hartford when Hartford could not even have been made a party to the action.
In this action, the trial court erred when it found “the underlying suit ... was pending long before the filing of the declaratory judgment action....” No action was pending against Hartford until Epting and Slye *194 served Hartford with writs of garnishment.
I would reverse the trial court’s summary judgment against Hartford and remand with instructions to dismiss the garnishment proceeding in favor of the prior-pending federal declaratory-judgment action.
I,therefore, dissent.

. Bala listed "CIBA-GIEGY,” not Abacus, as his “employer” on the "Resident Credit Application” he completed as part of his application for an apartment at the Warren Inn.

. Epting and Slye amended their complaint on February 16, 2000, to assert a wanton and/or negligent supervision claim against Abacus. Hartford provided Abacus with an attorney pursuant to the automobile insurance policy. Abacus moved for a summary judgment, arguing that it was not responsible for Bala's actions when he was going to and from work. The trial court granted Abacus’s motion, dismissing all claims against Abacus. On appeal, this Court affirmed the trial court’s judgment without an opinion. Epting v. Abacus Software Group, Inc., [Ms. 1000299, August 31, 2001] 829 So.2d 198 (Ala.2001)(table). Abacus is no longer a party to this action.

.Shortly before Hartford paid Alamo for the damage to the rental car, a claims adjuster for Alamo’s insurance company stated in a June 26, 1998, memorandum: “Our efforts to contact the renter [Bala] and obtain any insurance information has produced negative results. As such, it appears that Alamo Rent-A-Car will be forced to provide primary coverage in this matter.”

. See 28 U.S.C. § 1332; 28 U.S.C. § 2201.

. The Hartford Fire Ins. Co. v. Sankaran Balasubramawiam [No. 00-0495-P-C] (S.D.Ala.2001).

. The trial court's summary judgment in favor of Epting and Slye created a procedural quandary for Hartford in this appeal. Hartford had moved before trial to intervene in Epting and Slye’s state-court action. Epting and Slye argued below that Hartford should not be allowed to intervene because, they asserted, Hartford’s federal declaratory-judgment action was a prior-pending action. In response to this argument, the trial court compelled Hartford to choose between continuing the federal declaratory-judgment action and intervening in the state-court action. When Epting and Slye filed their writs of garnishment, Hartford argued that the state-court garnishment action should be dismissed because the federal declaratory-judgment action was a prior-pending action. Epting and Slye apparently did not respond to that argument. Nothing in the record indicates that Epting and Slye argued in the garnishment action that Hartford’s federal declaratory-judgment action was not a prior-pending action. Ept-ing and Slye, therefore, apparently argue for the first time on appeal that the federal declaratory-judgment action was not a prior-pending action.
Hartford argues in its brief on appeal that this Court's "prior-pending action” reasoning should apply in a writ-of-garnishment action. Hartford notes:
"[Epting and Slye] recognized this when they moved the trial court to reconsider its order allowing The Hartford to intervene in the State Court Action. (C. 384.) In fact, in that Motion, [Epting and Slye] conceded not only that the Hartford had filed a 'prior pending action’ in Federal Court, but that the Hartford's participation in the State Court proceeding would violate 6-5-440.”
(Hartford’s Brief, p. 20 n. 3.)
*192 In effect, Hartford argues that Epting and Slye have taken contradictory positions in this litigation and that they are estopped from arguing on appeal that Hartford's federal declaratory-judgment action is not a prior-pending action. "The doctrine of judicial estoppel ‘applies to preclude a party from assuming a position in a legal proceeding inconsistent with one previously asserted.’ ” Jinright v. Paulk, 758 So.2d 553, 555 (Ala.2000). Hartford reiterates this argument in its reply brief to this Court when it states that for Epting and Slye, "[t]o take the position on appeal that the declaratory-judgment action is not the proper venue to resolve the coverage issue is not only inconsistent with their earlier position, but is also contrary to the principles enunciated in this Court’s cases dealing with this issue [garnishment].”

. The record before this Court does not allow this Court to reach an independent conclusion about the service of process on Bala in any of the actions discussed in this opinion. The federal court order entering a declaratory judgment for Hartford stated that the "Respondent [Bala was] ... served with the summons and complaint.” Epting and Slye intervened as defendants in the federal action. Whatever arguments Epting and Slye made in that action about the effectiveness of service in the federal declaratory-judgment action, they failed to persuade the federal court that heard the case. Epting and Slye have presented no argument as to why this Court should doubt the federal district court's conclusion.

. The court in Wheelwright Trucking Co. v. Dorsey Trailers, Inc., 158 F.Supp.2d 1298 (M.D.Ala.2001), found that under Alabama law a garnishment brought by a judgment creditor against a judgment debtor’s insurance company under § 6-6-370, § 27-33-1, and § 27-23-2, Ala.Code 1975, is a direct action, not a nonremovable ancillary proceeding. 158 F.Supp.2d at 1301. The Wheelwright court remanded the action to state court because the insurance company, "Liberty [Mutual Insurance Company, was] a diversity-destroying in-state citizen for purposes of this civil action,” not because a garnishment action was an ancillaiy proceeding that could not be removed to federal court. Id.